ASA F. COCHRAN, Respondent, *v.* WILLIAM B. DINSMORE, President of the Adams Express Co., Appellant.

Where, by the contract with a common carrier, he is exempted from liability for loss or damage, unless the same be proved to have occurred by fraud or gross negligence of him, his agents or servants, in an action against such carrier the *onus* is upon the plaintiff of proving such fraud or negligence. Negligence must not only be shown, but it must appear to have caused, or at least contributed to the injury. A defendant in such an action has a right to rely upon his exception to an erroneous ruling of the court as to the burden of proof, and to decline to introduce further evidence, and the decision will not be sustained upon the ground that the evidence as it stood showed negligence.

(Argued April 8, 1872; decided April 23, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, in favor of plaintiff, entered upon a verdict.

The action was brought to recover for the non-delivery of $5,000 delivered to the Adams Express Company for transportation from Boston to New Orleans. The company gave a receipt containing the following clause:

"It is further agreed, and is part of the consideration of this contract, that the Adams Express Company are not to be

responsible for any loss or damage arising from the dangers of railroad, steam or river navigation, leakage, fire, or from any cause whatever, unless the same be proved to have occurred by the fraud or gross negligence of ourselves, our agents or servants."

The safe containing the package described in the contract was put on board the steamer Bio Bio, bound from New York to New Orleans, *via* Havana. The steamer stopped at Havana, thence proceeded to New Orleans, and was burned on her arrival there, and nothing of consequence was saved therefrom. The court ruled that, notwithstanding the clause in the contract, the burden of proof rested upon the defendants, or, at least, that they must present some testimony as to the circumstances occasioning the misfortune, so that the jury may say whether it happened by fraud or gross negligence upon their part, or their agents or servants, and directed a verdict for the plaintiff, to which ruling and direction defendant excepted.

The jury found a verdict for the plaintiff for $7,100. Exceptions were ordered to be heard in the first instance at General Term.

*Charles M. Da Costa* for the appellant. A common carrier may limit his liability by special contract, and, when so limited, he becomes an ordinary bailee and private carrier for hire. (*Dorr* v. *N. J. S. N. Co.*, 1 Kern., 493; *N. J. S. N. Co.* v. *M. Bank*, 6 How., 344; *Lamb* v. *C. and A. R. R. Co.*, Ct. of Appeals, Dec., 1871; *M. C. R. R. Co.* v. *Hale*, 6 Mich., 243; *Latham* v. *Rutley*, 1 Law Jour., K. B., 225; *Austin* v. *Manchester R. R. Co.*, 15 Jur., 670; *Davidson* v. *Graham*, 2 Ohio N. G., 131; *Furguson* v. *Cappeau*, 6 Har. & Johns., 394; *Stump* v. *Hutchinson*, 11 Pa., 533; *Y. N. and R. R. R. Co.* v. *Crisp*, 14 Com. B., 527; *Shaw* v. *Y. and M. R. R. Co.*, 13 Q. B., 347; *Kimball* v. *R. R. R. Co.*, 26 Vt., 247.) The receipt constituted the contract. (*Grace* v. *Adams Ex. Co.*, 100 Mass., 560; *Blossom* v. *Dodd*, 43 N. Y., 264, 269; *Dorr* v. *N. J. S. N. Co.*, 1 Kern., 493; *Stein-*

*way* v. *Erie R. R. Co.*, 43 N. Y., 123; *Magee* v. *C. and A. R. R. Co.*, 45 N. Y., 514, 518.) The burden of proving negligence was upon plaintiff. (*Phelps* v. *Hartwell*, 1 Mass., 71; *Loring* v. *Steinman*, 1 Met., 211; *McCully* v. *Clarke*, 40 Penn., 417; *Vestles* v. *Hogge*, 8 Clark., 163; *Wyld* v. *Pickford*, 8 M. & W., 460; *Ahrloff* v. *Briscall*, 12 Jur. [N. S.], 675; *Czech* v. *G. S. N. Co.*, Law Rep., 3 C. P., 14; *The Figlia Maggiore*, Law R., 2 Adm. & Ec., 106: *Low* v. *Booth*, 13 Price, 329; Story on Bailments, § 573; *Harris* v. *Packwood*, 3 Taunt., 264; *Marsh* v. *Horne*, 5 B. & C., 327; *N. J. S. N. Co.* v. *M. Bank*, 6 How., 384; *Clark* v. *Barnwell*, 12 id., 280; *R. Co.* v. *Reeves*, 10 Wal., 176; *T. Co.* v. *Downer*, 11 id., 129; *The Neptune*, 6 Blatch., 193; *Hunt* v. *Cleveland*, 1 Newb., 221; *Merriman* v. *Brig Mary Queen*, 1 id., 164; *Dutcher* v. *Propeller Rocket*, 3 Bissell; *Goldey* v. *P. R. Co.*, 30 Penn., 246; *Farnham* v. *C. and A. R. Co.*, 55 id., 53; *Colton* v. *C. and P. R. Co.*, 67 id.; *Sager* v. *P. S. and P. and E. R. R. Co.*, 31 Maine, 228; *Mann* v. *Burchard*, 40 Vt., 337; *Lawrence* v. *N. Y., P. and B. R. Co.*, 30 Conn., 63; *Coleman* v. *U. S. Ex. Co.*, 3 Kan., 305 *N. A. Ins. Co.* v. *N. A. R. Co.*, 20 La. An., 302; *Woolfe* v. *W. U. T. Co.*, 27 Iowa; *Burchard* v. *B. and A. R. Co.*, 34 Md., 107; *Moore* v. *Evans*, 14 Barr., 524; *French* v. *B. Y. and E. R. Co.*, 4 Keyes, 108.) Plaintiff should have been nonsuited. (*Giblin* v. *McMullin*, Law Rep., 2 P. C., 317, 335; *Crafter* v. *M. R. Co.*, Law Rep., 1 C. R., 300, 304.)

*S. P. Nash* for the respondent. If negligence was shown, such as the jury would have been justified in considering culpable, that is sufficient. (*Guillaume* v. *H. and A. R. Co.*, 42 N. Y., 212; *Czech* v. *G. S. N. Co.*, Law Rep., 3 C. P., 14.) The deviation from the route deprived defendant from the protection of the contract. (Macklachlan on Mer. Sh., 361; 3 Kent., 309, 310; *Stevens* v. *Com. Ins. Co.*, 26 N. Y., 397; 2 Park. on Ins., 620; *Brown* v. *Tayleaur*, 4 A. & E., 241; *Davis* v. *Garrett*, 6 Bingh., 716; *Freeman* v. *Taylor*, 8 id., 124; *Parker* v. *James*, 4 Camp., 112; *Hand* v. *Baynes*, 4

Whart., 204; *Crosby* v. *Fitch*, 12 Conn., 410; *Read* v.
*Spaulding*, 30 N. Y., 630; *Mayhee* v. *C. and A. R. R. Co.*,
45 id., 514; *May* v. *Babcock*, 4 Ohio, 334; *Powers* v. *Daven-
port*, 7 Blatch., 497.)

CHURCH, Ch. J.   It is manifest that a verdict was directed
for the plaintiff, upon the ground that the defendant's com-
pany was liable for the loss of the money as a common carrier,
unless it proved that neither the company, its agents or ser-
vants, were chargeable with negligence.   The learned judge
expressly ruled that the burden of proof rested with the
defendant to establish that the loss was not occasioned by
fraud or negligence, and that, inasmuch as the evidence failed
to come up to that standard, the plaintiff must recover, and
added: " In the absence of proof from which the jury would
be justified in coming to such a conclusion, if I should sub-
mit the case to the jury and they should find for the defend-
ants, I would be bound to set aside the verdict."   The excep-
tion to the ruling and direction presents the legal question
whether the *onus* was upon the plaintiff to prove negligence,
or upon the defendant to disprove it.   No other construction
can be put upon the decision.   The court did not determine
that the circumstances of the fire, as proved, conclusively
established negligence, but that it did not negative that fact.
The defendant had a right to rely upon an exception to the
ruling as to the law.

That the court erred in holding that the burden rested with
the defendant to exculpate the company from blame, has been
so recently decided by this court, that it is unnecessary to
cite other authorities.   (*Lamb* v. *Cam. and Amboy R. R. Co. ;*
46 N. Y., 271.)   The learned counsel for the plaintiff insists
that this is a case where the decision of the court was right,
although the reason given for it was wrong, and that the
judgment should be sustained on the ground that negligence
was so conclusively established by the evidence as to justify
the direction of the court.   There are serious difficulties in
the way of sustaining this position.   In the first place, the

facts developed as to the fire were not such as necessarily constituted negligence. It cannot be said, as a matter of law, that the fact of the burning of the ship, and the fact that the witnesses called could not account for it and the other circumstances, absolutely established negligence. The most that can be said is, that these facts were competent to found an inference of a want of care.

The ship was propelled by steam, and necessarily had fire and combustible material on board. We know, as a matter of every-day observation, how mysteriously fires are sometimes kindled, and often without the fault of any one. If a lighted candle had been taken into the hold, filled with combustible material, and fire had been communicated, it might be said that that act itself was negligent, but no such or similar act was proved. It is necessary to consider and weigh all the evidence and balance the testimony, and determine what inferences can fairly be drawn from it in order to arrive at the proper conclusion. I know of no rule of law which determines that all the circumstances proved may not exist, consistent with the exercise of care and diligence, nor do I concur with the counsel for the defendant that, as a matter of law, they were insufficient to establish fraud or gross negligence.

They were of a character which rendered it fitting to submit them to a jury with proper instructions, to determine whether they established fraud or negligence, or not. Besides, the court did not decide that the facts established negligence. If that had been the decision, we cannot say that the defendant might not have availed himself of the privilege extended to him by the court of introducing further evidence. When the court ruled that the burden was upon him of disproving negligence, and that a verdict would be ordered unless he produced further evidence, we cannot say but that he declined to introduce further evidence because of the improper ruling, and relied upon his exception, as he had a right to; and now to change the ground of the decision might result to his injury.

The counsel for the plaintiff also insists that the fact that the money was put into a safe, which was transported as freight, constituted negligence. This circumstance alone would not have that effect; but if, by shipping it as freight and omitting to provide for proper care and vigilance in protecting it, it was placed in an unsafe and improper position in the ship, which prevented its removal, or in consequence of which it was lost, negligence might be alleged. Negligence must not only be shown, but it must appear to have caused or at least contributed to the injury, and this was a question of fact.

There was also evidence tending to prove that the safe was not on board of the ship upon her arrival at New Orleans; but upon this point the evidence was conflicting, and was a question of fact. Besides, the court in directing a verdict assumed that the safe was on board at the time of the fire; and to determine now that it was not, would deprive the defendant of the right to contest the point before the jury. The question of departure was not made at the trial, and we cannot say that it might not have been made to appear that the route pursued was the usual one, and the one anticipated by the parties, and indeed the only practicable one at the time.

In *Maghee* v. *The Camden and Amboy R. R. Co.* (45 N. Y., 514), the contract required the transportation to be " all rail." There was a deviation which brought the property to a different landing, where it was burned, and we held the defendants liable. Here no particular route or mode of transportation was contracted for.

For the error of law, in the manner of disposing of the case, the judgment must be reversed and a new trial ordered.

All concur.

Judgment affirmed.