ELIZABETH S. STEERS, Respondent, *v.* THE LIVERPOOL, NEW
YORK AND PHILADELPHIA STEAMSHIP COMPANY, Appellant.

The rule, that, in the absence of fraud, concealment or improper practice,
the legal presumption is, that stipulations contained in a common car-
rier's receipt for freight, limiting his common law liability, were known
and assented to by the person receiving it, applies to the carriers of
passengers with their baggage.

Plaintiff took passage on one of defendant's steamers for Europe, she
received on payment of the passage money a printed ticket signed by
defendant's agent, containing a clause in substance, that the company
was not to be held liable for loss or damage to baggage in any sum
unless the same shall have been proved to have been occasioned by gross
negligence of the company or its agents, or in any event beyond the
sum of fifty dollars, unless a bill of lading or receipt was signed
therefor, specifying the articles and their values, and that money, jew-
elry and all valuables were at the passenger's risk, unless placed in the
company's charge, and a bill of lading or receipt signed therefor. On
going aboard, plaintiff's trunk was delivered into the custody of defend-
ant's agents, who assumed to take charge of it; at the end of the voyage
defendant did not produce it or in any way account for it. In an action
to recover for the loss of the trunk and contents, *held*, that the evidence
was sufficient to sustain a finding by a jury of gross negligence; but, that
in the absence of a bill of lading or receipt as specified in the contract, a
recovery could not be had for over fifty dollars, and no recovery could
be had for jewelry or silverware.

(Argued September 24, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of plaintiff, entered upon an order overruling defendant's exceptions and directing a judgment upon verdict.

This action was brought to recover the value of a trunk and its contents.

On or about the 5th day of June, 1869, plaintiff took passage in the steamer " City of Paris," belonging to the defendant, for Liverpool, under a passage ticket purchased by plaintiff's agent, delivered a day or two before the steamer sailed, containing the following clause in print upon the face, in type smaller than the rest of the ticket.

" Twenty cubic feet of luggage is allowed to each passenger, free of charge, in consideration of which it is agreed, that the company are not to be held liable or responsible for any loss or damage thereto, in any sum, except where the same shall have been proven to have occurred from gross negligence of said company or their servants.  Nôr in any event shall the passenger demand beyond the sum of fifty dollars, at which said baggage is hereby valued, unless a bill of lading or receipt is signed therefor, specifying the articles and their respective values; and it is also agreed that money, jewelry and all valuables are entirely at the passenger's own risk, unless placed in the company's charge and a bill of lading or receipt signed therefor."

Plaintiff took with her a trunk containing wearing apparel of the value of $1,023.54, also containing jewelry and silverware to the value of $179.50.  The trunk was received on board, delivered to and taken in charge of by defendant's employes, and plaintiff had no access to it during the voyage, at the termination of the voyage plaintiff demanded her trunk, it was not produced nor was it accounted for in any way, and nothing could be learned by plaintiff in regard thereto.

The court directed the jury to find a verdict for the value of the trunk and its contents, to which defendant's counsel duly excepted.  A verdict was rendered accordingly.  Exceptions were ordered to be heard at first instance at General Term.

*J. W Gerard, Jr.*, for the appellant. A common carrier may restrict his liability by agreement, both as to the nature and extent of that liability. (*Parson* v. *Monteath*, 13 Barb., 353; *Wells* v. *N. Y. C. R. R. Co.*, 26 id., 641; affirmed, 24 N. Y., 181; *Bissell* v. *N. Y. C. R. R. Co.*, 25 id., 442; *Lee* v. *Marsh*, 43 Barb., 102; *York Co.* v. *Cent. R. R. Co.*, 3 Wal., 10; *Boswell* v. *H. R. R. R. Co.*, 5 Bos., 699; *Dorr* v. *N. J. Stbt. Co.*, 11 N. Y., 485; *Meyer* v. *Harnden's Ex. Co.*, 24 How. Pr., 290; *Steinway* v. *Erie R. Co.*, 43 N. Y., 123; *Shaw* v. *Y. and N. Mid. R. Co.*, 18 L. J. [N. S.], Q. B., 181; *Gt. N. R. R. Co.* v. *Merville*, L. J. [21 Q. B.], 319; *Austin* v. *Man., etc., R. R. Co.*, 20 L. J. [N. S.], Q. B., 440; *Guillaume* v. *H. and Am. P. Co.*, 42 N. Y., 212; 9 U. S. Stat. at Large, 635.) The ticket in this case evidenced a contract. (*Hopkins* v. *Westcott*, 6 Blatch., 64; *Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y., 183; *Breeze* v. *U. S. Tel. Co.*, 45 Barb., 275; *Westcott* v. *Fargo*, 63 id., 352; *Willoughby* v. *Horridge*, 12 C. B., 742; *Crouch* v. *L. and N. W. R. R. Co.*, 7 Exch., 705; *Wilson* v. *At. and C. S. S. Co.*, 10 C. B. [N. S.], 453; *Fowles* v. *G. W. R. Co.*, 7 Exch., 699; *Peninsula, etc., Co.* v. *Shand*, 11 Jur. [N. S.], 771.) It is not necessary to show that plaintiff ever read over and knew the conditions printed on the ticket. (*Walker* v. *N. Mid. R. R. Co.*, 2 El. & B., 750; *Y. N. and B. R. R. Co.* v. *Crisp*, 23 L. J. [C. P.], 125; *Palmer* v. *G. J. R. Co.*, 4 M. & W., 749.) The burden of proving gross negligence was upon plaintiff. (*Cochran* v. *Dinsmore*, 49 N. Y., 249.) The silverware or jewelry was not properly a part of plaintiff's luggage for which a common carrier can be made liable. (*Bell* v. *Drew*, 4 E. D. S., 59; *Batron* v. *Donovan*, 4 B. & Ald., 21.) Jurisdiction of this case lies exclusively with the District Court of the United States. (*Baird* v. *Daly*, 4 Lans., 426; *Chisholm* v. *N. Tr. Co.*, 61 Barb., 363; 32 Iowa, 223; *Moore* v. *Tr. Co.*, 24 How. [U. S.], 1; *Walker* v. *Tr. Co.*, 3 Wal., 150; 9 Stat. at Large, 635; 1 U. S. Stat. at Large, 76, 77.)

*John R. Tresidder* for the respondent. The ticket was merely a receipt for the passage money and not a contract. (*McCotter* v. *Hooker*, 8 N. Y., 497; *Quimby* v. *Vanderbilt*, 17 id., 306.) Defendant is a common carrier, and as such responsible for the safe delivery of property intrusted to it. (*Hollister* v. *Nowlen*, 19 Wend., 234; *Sweet* v. *Barney*, 23 N. Y., 335; *Merritt* v. *Earle*, 29 id., 115.) Common carriers cannot limit their common-law liability by a mere notice upon a ticket, whether such notice be brought home to the party or not. (*Hollister* v. *Nowlen*, 19 Wend., 234; *Cole* v. *Goodwin*, id., 251; *Blossom* v. *Dodd*, 43 N. Y., 264; *Dorr* v. *N. J. St. Nav. Co.*, 11 id., 485; *Quimby* v. *Vanderbilt*, 17 id., 306; *Perkins* v. *N. Y. C. R. R. Co.*, 24 id., 196; *Bissell* v. *N. Y. C. R. R. Co.*, 25 id., 442; *Limburger* v. *Westcott*, 49 Barb., 283; *Prentice* v. *Decker*, id., 21; *Belger* v. *Dinsmore*, 34 How., 421; *Nevins* v. *B. S. Steamship Co.*, 4 Bos., 225; *Sunderland* v. *Westcott*, 2 Swe., 260; *Rawson* v. *Penn. R. R. Co.*, 2 Abb. [N. S.], 220; *N. J. St. Nav. Co.* v. *Mer. Bk.*, 6 How. [U. S.], 344.) The notice on the ticket does not constitute a contract, because there is no mutuality of assent. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Prentice* v. *Decker*, 49 Barb., 21; *Limburger* v. *Westcott*, id., 283; *Blossom* v. *Dodd*, 43 N. Y., 264.) Although common carriers may restrict their common-law liability by express contract, they cannot repudiate it *in toto*. (*Parson* v. *Monteath*, 13 Barb., 553; *Alexander* v. *Green*, 7 Hill, 533; *Well* v. *St. Nav. Co.*, 8 N. Y., 375; *Well* v. *N. Y. C. R. R. Co.*, 24 id., 181.) Plaintiff was not guilty of negligence in putting articles of jewelry in her trunk, they constituted a part of her baggage. (*Merrill* v. *Grinnell*, 30 N. Y., 594; *Rawson* v. *Penn. R. R. Co.*, 2 Abb. [N. S.], 220; *Dexter* v. *S., B. and N. Y. R. R. Co.*, 42 N. Y., 326; *Wooster* v. *Dodd*, MS. of G. T., Kings Co., 1869.)

JOHNSON, C. In the case of *Belger* v. *Dinsmore* (51 N. Y., 166) it was decided that in the absence of fraud, concealment or improper practice, the legal presumption is that

stipulations limiting the common-law liability of common carriers, contained in a receipt given by them for freight, were known and assented to by the party receiving it. In that case the decision in *Blossom* v. *Dodd* (43 N. Y., 264) was examined and shown to be entirely consistent with the conclusion arrived at. I do not perceive any distinction growing out of the fact, that in the case before us the subject was the transportation of a passenger and her baggage, which can render the decision inapplicable. The plaintiff, by her agent, was an applicant for a passage to Europe by the defendant's ship, the voyage to be commenced at a future day, and received on payment of the price a written engagement from the defendant expressing its undertaking. A printed *fac simile* of this paper is before us, and although part of it is in smaller type than the rest, no part of it is in such type as to suggest to the mind the idea of concealment as the possible motive for its being thus printed. It is all printed on one side of the paper, and all the printed matter precedes the signature of the agent of the defendant. That the plaintiff herself never read the paper is of no moment. The arrangement was made by her agent, who must be presumed to have acquainted himself with the terms of the engagement which the defendant assented to. Looking to the course of business, the court may take notice that an engagement for a voyage across the ocean is a matter of more deliberation and attention than buying a railroad ticket or taking an express company's receipt for baggage or for freight. There is, therefore, no room in such a case for the suggestion that the party is surprised into a contract, when he supposes himself only to be taking a token indicative of his right. The paper in evidence ought, therefore, to be regarded as having received the mutual assent of the parties, and as being, as its language purports, their contract touching the voyage in question.

Assuming then that we have in the paper in question the contract of the parties, the first inquiry which arises under it relates to the following clause: "Twenty cubic feet of

luggage is allowed to each passenger, free of charge, in consideration of which it is agreed, that the company are not to be held liable or responsible for any loss or damage thereto, in any sum, except where the same shall have been proven to have occurred from gross negligence of said company or their servants." While the cases of *Belger* v. *Dinsmore*, before cited, and *Cochran* v. *Dinsmore* (49 N. Y., 249) sustain the validity of such a provision, the latter holds that the burden is upon the plaintiff to show that the loss did proceed from the gross negligence of the carrier or his servants, and a new trial was granted in that case because the court on the trial erred in imposing the burden on the carrier. In the case now before us, the defendant's counsel asked the court to rule that gross negligence had not been proved, and did not propose to go to the jury upon the question. The court refused to hold in accordance with the defendant's request. In this there was no error: for it affirmatively appeared that the plaintiff's luggage was, on her going aboard the ship, delivered into the custody of the defendant's agents, who assumed the charge of it, and that she could have no further care over it. At the end of the voyage the defendant did not produce it, nor in any way account for its non-production, and all inquiry on the part of the plaintiff was ineffectual. Under these circumstances of actual and exclusive custody on board its own ship at sea, I think the proof was sufficient to make out a case on which a jury might find gross negligence.

The clause of the contract before cited, was immediately followed by the following provisions: "Nor in any event shall the passenger demand beyond the sum of fifty dollars, at which said baggage is hereby valued, unless a bill of lading or receipt be signed therefor, specifying the articles and their respective values." Under this provision the case of *Belger* v. *Dinsmore* (above cited) is a direct adjudication that the recovery could not, in the absence of a bill of lading or such a receipt as the contract called for, go beyond the sum of fifty dollars.

The contract contained likewise the further provision, " that

money, jewelry and all valuables, are entirely at the passenger's own risk, unless placed in the company's charge, and a bill of lading or receipt signed therefor." A part of the recovery which was had, was for jewelry and silverware contained in the trunk, which, of course, came within the terms of the contract just cited. While it is quite true that all these articles were suitable to the plaintiff's station in life and not unsuitable to be carried as part of her baggage on her journey, yet that cannot be allowed to relieve her from the duty of conforming to the requirements of the defendant's contract, or relinquishing her recourse to it to make good her loss.

To the position that the courts of New York have no jurisdiction of this action as being of maritime jurisdiction exclusively, it is a sufficient answer to say, that the question not having been raised in the courts below, it cannot now be raised and decided here; and any opinion which we should express on it would be *obiter*. ( *Vose* v. *Cockcroft*, 44 N. Y., 415.)

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.