By the Court.—Curtis, J.
The plaintiffs’ exception to the refusal of the judge to direct a verdict in their favor, is not well taken. There was evidence of the destruction of the goods by fire, without fault or negligence on the defendants’ part, which it was the province of the jury to consider, and which was prop^ erly submitted to them.to pass upon.
The plaintiffs also except to the refusal of the judge to charge that the burden rested upon the defendants *234 to disprove negligence. It seems to be now clearly established, that where goods are entrusted to a common carrier for transportation, and there is a loss from a cause excepted by the contract, for example as in the present case a loss by fire, that then the onus of showing negligence is on the plaintiff (Lamb v. Camden and A. R. R. Co., 46 N. Y. 271 ; Cochran v. Dinsmore, 49 N. Y. 249).
In the present case, the court charged the jury, that the defendants were liable for the loss, if it occurred by reason of their negligence, but that it was for the plaintiffs to prove it. The mere fact of a loss by fire while the goods are in the custody of the carrier, fails to establish the presumption of negligence, on the part of the carrier. The plaintiffs’ exception in this respect is not tenable.
The remaining exception of the plaintiffs is to the instruction of the court to the jury to the effect, that they were authorized to consider whether the defendants. could have taken the goods away; and also whether people could have been collected to do something for a third party.
It is not apparent how this prejudices the plaintiffs. The court gives the jury wide latitude to consider the circumstances and exigencies of this vast conflagration, which is described in the testimony, and the means and probability on such an occasion of saving property. The jury had to consider the question of negligence by defendants, since it was submitted to them to determine. There was no impropriety in view of their passing upon such a question, in the court presenting to their consideration the matters excepted to. There was evidence on the part of the defendants as to the difficulty of saving the building and its contents where the goods in question were, and also as to the impossibility, from the extent of the fire, of concentrating men or cars to remove anything.
*235 But there is another difficulty with the plaintiffs’ case. The evidence at the trial does not show negligence on the defendant’s part. The defendants appear to have fulfilled the obligations they incurred by the contracts. They made no deliveries in Chicago on Sunday, and there is no proof or presumption of law from the proofs that it was their duty to do so.
The testimony in relation to the destruction of the goods, by the burning of the defendants’ building at Chicago, sustains the finding of the jury on that question.
The judgment and order appealed from should be affirmed with costs.
Sanford J., concurred.