KIRST and another vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*Evidence of Negligence.*

Although, where defendant's negligence is an essential element in plaintiff's cause of action, the burden is on plaintiff of proving such negligence, yet, where plaintiff showed that his goods were injured while in possession of defendant as bailee for hire, and that defendant, when applied to by him, gave no account of the injury except merely that it occurred while defendant's agents were performing an act which, when performed with due care, does not ordinarily cause such an injury: *Held*, that this was evidence from which the jury might infer negligence.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice COLE:

"The complaint avers a failure on the part of the defend-

ant company to deliver to the consignee three carboys of acid, and alleges that such carboys, through the negligence and default of the agents of the defendant, were broken and discharged. The plaintiffs make a part of their complaint the receipt given by the company on the delivery of the goods in question for transportation, in which receipt it is expressly stipulated that the company shall not be responsible for the breakage of any carboys of acid, unless it can be shown that such damage or loss occurred through the negligence or default of the agents of the company.

" The cause was last tried by the county court, a jury being waived. It appeared on the trial that the plaintiffs delivered in good condition to the defendant, at its depot in Milwaukee, 28 carboys of acid, to be transported to Appleton. One of the plaintiffs testified that his firm received a letter from the consignees stating that only 25 carboys were received from the carrier at the place of consignment. He says that he then went to the general freight agent, at his office in Milwaukee, to make inquiries about the missing three. He was informed by the agents of the defendant that the three missing carboys had been broken by the Chicago & Northwestern Railway Company in Milwaukee, which company did the switching for the defendant in that city; and that they would examine into the matter and report. After waiting two or three weeks and hearing nothing from the company, the same plaintiff again called upon the agent, and was informed that the matter had been inquired into, and it was found that the three carboys were broken by the Chicago & Northwestern Company while switching, and that, as the latter company refused to pay for the loss, the agent of the defendant refused to pay. The value of the goods was shown, and also the contract for transportation. At the close of the plaintiff's case, the defendant moved for a nonsuit, mainly on the ground that, in addition to proving the loss of the goods, the *onus* was upon the plaintiffs, under the stipulation in the receipt, of

showing that the breakage occurred through the negligence or default of the agents of the defendant. The learned county court, however, held that, as the defendant had failed or neglected to give a full and fair account as to how the loss occurred, when applied to by the plaintiffs, this was sufficient proof from which negligence on the part of the agents and servants of the company might be inferred. The correctness of this view is the sole question we have to consider."

Plaintiffs had a verdict and judgment; and defendant appealed.

For the appellant, there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill*.

For the respondent, there was a brief by *Samuel Rosendale*, and oral argument by *E. Mariner*.

COLE, J. On the part of the defendant it is claimed, that, under the stipulation in the receipt limiting the liability of the carrier, the defendant was simply a bailee for hire of the carboys; and that therefore negligence or default on its part would not be presumed, but must be affirmatively shown by the party charging it, and seeking a recovery founded thereon. The general soundness of this argument may be conceded. But the precise question here is, whether, when the carboys were shown to be in the possession or under the control of the defendant, and a breakage occurred from switching, which, in the ordinary course of things, does not happen if those who have charge of the train use proper care, this does not afford reasonable evidence, in the absence of a full explanation by the carrier, that the loss or breakage did in fact occur through the negligence or default of the agents of the company. We are inclined to the opinion that the inference of negligence may be made under such circumstances, and that the ruling of the county court on this point was right. Here the loss resulted from an act from which, when due care is taken in its performance, loss does not ordinarily ensue. For it is not

reasonable to assume that carboys of acid are usually broken, when transported on railroads, by switching of the cars, when that is done in a proper manner. Consequently, when the plaintiffs showed, as they did by the admission of the agents of the company, that the carboys were broken by the Chicago & Northwestern Company while switching, a foundation was laid for a reasonable inference of negligence, especially in the absence of all explanation upon the subject, and the burden was thrown upon the defendant to rebut that inference. This was the rule laid down in *Scott v. London Dock Co.*, 3 H. & C., 596, on a point quite analogous to the one we are considering. The plaintiff in that case was injured by bags of sugar falling from a crane, in which they were lowered to the ground from the warehouse of the defendant. It was claimed that there was no evidence to go to the jury that the servants of the defendant were guilty of negligence or want of care in lowering the crane. ERLE, C. J., in stating the conclusion at which a majority of the court in the Exchequer Chamber had arrived, said: "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." In *Steers v. The Liverpool, N. Y. & P. S. Co.*, 57 N. Y., 1, " the plaintiff took passage on one of the defendant's steamers for Europe, and received, on payment of the passage money, a printed ticket signed by the defendant's agent, containing a clause, in substance, that the company was not to be held liable for loss or damage to baggage in any sum, unless the same shall have been proved to have been occasioned by gross negligence of the company or its agents. . . On going aboard, the plaintiff's trunk was delivered into the custody of the defendant's agents, who assumed to take charge of it; at the end of the

voyage, the defendant did not produce it, or in any way account for it. In an action to recover for the loss of the trunk and contents, held, that the evidence was sufficient to sustain a finding by a jury, of gross negligence." The facts in regard to the manner in which the breakage occurred in the present case, were more particularly within the knowledge or reach of the defendant, and, according to the doctrine of the above cases, it was called upon to give some explanation of the loss. The agents only said that the carboys had been broken by another company while switching, and gave no other account of their loss. Under these circumstances, we concur in the opinion of the county court, that, because defendant failed or neglected to give a full statement as to how the loss occurred, its negligence might be inferred in that regard.

It follows from these views, that the judgment of the county court must be affirmed.

*By the Court.* — Judgment affirmed.