## Downey v. Inman & I. S. S. Co., Limited.

(City Court of New York, General Term. November 23, 1888.)

Carriers of Passengers—Loss of Baggage—Negligence.

Plaintiff took passage in defendant's vessel under a contract exempting defendant from liability, except for gross neglect. No evidence of negligence was offered, except the fact that the vessel was burned at sea. Held, that the question of negligence should have been submitted to the jury.

Appeal from trial term.

Action by Thomas Downey against the Inman & International Steam-Ship Company for damages for loss of baggage. Defendant appeals from a judgment for plaintiff.

Argued before Browne, Ehrlich, and Pitshke, JJ.

Louis J. Grant, for respondent. Biddle & Ward, for appellant.

Ehrlich, J. Plaintiff sues defendant as a common carrier, alleging a loss of baggage through defendant's negligence. Defendant denied the charge of negligence; pleaded and proved a special contract, under which it was exempt from liability, except for gross neglect, and tending also to limit the damage claimed to the sum of $50. No proof of defendant's negligence was offered beyond the fact that defendant's vessel, upon which plaintiff took passage, was burned at sea. The court denied appellant's motion to dismiss for want of proof of negligence, and directed a verdict for plaintiff for $50 and interest.

The controverted question of negligence was a question of fact, and not of law, and therefore it ought to have been submitted to the jury. This is true, although the precise circumstances attending the loss are not in dispute, since different inferences as to negligence might be drawn therefrom. The jury might have found from the facts established that defendant was guilty of gross negligence, but they were not bound to do so. Cochran v. Dinsmore, 49 N. Y. 253. The judgment should be reversed, and a new trial ordered; costs to abide event.

Browne and Pitshke, JJ., concur.