ZIMMER *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Third Department.* December 5, 1891.)

1. CARRIERS OF GOODS—LIMITATION OF LIABILITY.

A stipulation in a special contract for carriage of a horse, that the carrier shall not be liable for injury to the animal from certain causes specified, including "being injured by the burning of hay, straw, or any other material for feeding the stock, or in any way," does not exempt the carrier from liability for the killing of the horse by collision of an engine, improperly managed by the carrier, with the car containing the horse; such cause of injury not being specifically mentioned in the contract, as the general words "in any way" may be construed to mean burning in any way.

2. SAME.

A stipulation in a special contract for carriage of a horse at reduced rates upon certain risks being assumed by the shipper, and upon condition that the horse be valued at not exceeding $100, whereby it is agreed that, in case of loss "from causes which would make the carrier liable," its liability shall not exceed such valuation, limits to that amount the recovery of the shipper for the killing of the horse by the carrier's negligence.

Appeal from circuit court, Fulton county.

Action by Alvah J. Zimmer against the New York Central & Hudson River Railroad Company. There was a verdict for plaintiff, and from a judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals. Modified.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*C. D. Prescott,* for appellant. *Porter & Walts,* for respondent.

LANDON, J. The action was to recover $5,000, the alleged value of a horse which defendant was transporting upon one of its freight-cars under a contract with the plaintiff to carry the same from West Albany to Antwerp, N. Y. The jury found upon evidence sufficient to justify their verdict that the horse was killed in consequence of the negligence of the defendant. They rendered their verdict in favor of the plaintiff for $3,100. The horse was taken for transportation by the defendant under a contract made with the plaintiff's agent, from which the following are extracts material to the questions presented upon this appeal:

"LIVE-STOCK CONTRACT OF RELEASE AND AGREED VALUATION, ACCORDING TO THE 'OFFICIAL CLASSIFICATION.' NEW YORK CENTRAL & HUDSON RIVER RAILROAD.

"W. ALBANY STATION, July 31, 1890.

"Whereas, the New York Central & Hudson River Railroad Company transports live-stock, either by the head or by the car-load, at certain prices, 'carrier's risk,' and at reduced prices, upon certain risks, as specified below, being assumed by the shipper or owner, and upon the further condition that the property is valued as stated below: Now, in consideration that said company will transport at said reduced prices, one horses, valued at not exceeding $100 each, consigned to G. P. Coolidge, at Antwerp, N. Y., via Rome, it is agreed that  *  *  *  neither this company nor any of its connections shall be liable for any injuries which the animals, or either or any of them, may receive in consequence of any of them being wild, vicious, unruly, weak, or of escaping, maiming themselves or each other, or in consequence of heat, suffocation, or other ill effects of being crowded, either upon cars or in yards, or on account of being injured by the burning of hay, straw, or any other material for feeding the stock, or in any way. Also, that neither this company nor any of its connections shall be liable for any loss or damage sustained by reason of any delay in the loading, transportation, or delivery of said stock, or in consequence of any displacement of car-doors, or any other insecurity of the cars. And it is also agreed that, in the event of the loss, death, or injury of the animals, or any of them, from causes which would make the carrier liable, such liability shall not in any case exceed an amount to be fixed according to the above valuations."

The defendant claims that this contract relieves it from all liability. The plaintiff's horse was in the freight-car next to the tender of the engine, and in the front part of that car. At St. Johnsville the train stopped, the engine was uncoupled from the cars and moved forward to the coal-bin. In attempting to back the engine towards the cars the engine in some way became unmanageable, or was improperly managed, with the result that it struck the freight-car and crushed into it far enough to cause the death of the plaintiff's horse. The contract, so far as it purports to exempt the defendant from liability for its negligence, must be construed so as not to include any kind or sort of negligence not specifically and expressly stated in it. *Holsapple* v. *Railroad Co.*, 86 N. Y. 278; *Mynard* v. *Railroad Co.*, 71 N. Y. 180; *Nicholas* v. *Railroad Co.*, 89 N. Y. 370; *Kenny* v. *Railroad Co.*, 125 N. Y. 422, 26 N. E. Rep. 626. In the case first cited the court said: "However broad or general may be the language of the contract which does not specifically and in express terms release the carrier from the consequences of his own negligence, it will not ef-

fect such release if the general words may operate without including such negligence." Testing this case by these rules, it will be seen that this horse was not injured by any such negligence as is specifically and expressly mentioned in the contract. The horse was struck by an improperly managed engine. Nothing of that kind is provided against in the contract, unless the words "in any way" so provide. These are broad and general words, and they may operate without including this case. In the connection in which they are used they may be construed to mean "or burning in any way," the whole clause being, "or on account of being injured by the burning of hay, straw, or any other material for feeding the stock, or in any way." If they were intended to mean injured "in any way," the intention is not clearly expressed, and therefore may be rejected. But we think the contract limits the recovery to $100 and interest thereon. The contract first recites that the defendant transports live-stock "at reduced prices, upon certain risks, as specified below, being assumed by the shipper or owner, and upon the further condition that the property is valued as stated below." The valuation is thus given: "One horses, valued at not exceeding $100," and then "it is also agreed that in the event of the loss, death, or injury of the animals, or any of them, from causes which would make the carrier liable, such liability shall not in any case exceed an amount to be fixed according to the above valuation." The freight charged was $7.50, and was at the rates fixed by the defendant for the valuation stated. A higher valuation, according to the regulations of the company, would have increased the charge for freight. The general rule is that a carrier may, by express contract with the shipper or owner, limit the extent of his liability in case of loss or injury. *Steers* v. *Liverpool, etc., Co.*, 57 N. Y. 1; *Magnin* v. *Dinsmore*, 70 N. Y. 410; *Belger* v. *Dinsmore*, 51 N. Y. 166; *Mynard* v. *Railroad Co.*, *supra*. The question usually presented by such contracts is as to their terms,—that is, whether the limitation expressed by the contract covers the injury or loss as caused under the circumstances of the particular case. There seems to be no valid objection to a contract by which the shipper, in consideration of reduced rates extended to him, agrees, in case of damage or loss, to accept a specified or limited sum in satisfaction of it. Such seems to be the contract in question. No question of the willful wrong or misfeasance of the defendant arises, nor of the defendant's constructive conversion of the property. The defendant is liable for the loss, but the amount of it is fixed by the agreement. The counsel for the defendant asks in his brief that the verdict be reduced to $100, with interest from July 31, 1890. If the plaintiff so stipulates, the reduction may be made and judgment be modified accordingly, and, so modified, be affirmed, with costs, (*Holmes* v. *Jones*, 121 N. Y. 461, 24 N. E. Rep. 701;) otherwise judgment reversed, with costs against plaintiff on this appeal, and a new trial granted, costs to abide the event. All concur.