(6 Misc. Rep. 536.)

## LECHOWITZER v. HAMBURG AMERICAN PACKET CO.

(City Court of New York, General Term. January 18, 1894.)

CARRIERS—SPECIAL PROVISION IN TICKET—EFFECT.

A passenger is not, by mere acceptance of a ticket, bound by a special provision therein limiting the liability of the carrier for loss of baggage.

Appeal from trial term.

Action by Chaim Lechowitzer against the Hamburg American Packet Company to recover for baggage alleged to have been lost on defendant's steamship. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS and NEWBURGER, JJ.

Wheeler, Cortis & Godkin, for appellant.
Nicholas Aleinikoff, for respondent.

NEWBURGER, J. This action was brought to recover for baggage claimed to have been lost on the steamer Sorrento while on a trip between Hamburg and New York. On the 19th day of August, 1891, the plaintiff took passage on said steamer at Hamburg for New York. He gave his railroad check for his baggage to the ship's officials, for which he received a slip, and the officials obtained his baggage, and put it on the steamer, where it was afterwards seen by the plaintiff and his witness. Its loss and value were not disputed. Defendant's defenses were that the baggage was not delivered to it, and not lost in its custody; that there was no proof of negligence on its part; and that the steamship Sorrento did not belong to the defendant; and that, even if it were proved that it did, the plaintiff was traveling under a contract ticket which limited the defendant's liability in any event to 200 marks. The trial justice, in his charge to the jury, among other things, said:

"If you believe that this ticket received by the plaintiff contained the printed matter, as appears upon the ticket offered in evidence by the defendant, and that the plaintiff either read or that it was explained to him, the plaintiff is bound by this limitation, and cannot recover from the defendant for more than is limited in this contract. The plaintiff's attention must have been called to it, or he must have assented to it in some particular; but the mere fact of the paper not having been read to him would not exempt him from the terms of the contract. In other words, it was not

necessary to have it read to him, and if it was explained to him, or if, by any means, he assented to its terms, he would be bound by it equally as if he had read it."

Exception was taken by the appellant to this part of the charge. We think that this was a proper statement of the law of this case. It is not denied that the defendant, if liable at all, is liable for the full value of the baggage, unless the common-law liability has been modified by contract with the plaintiff, whereby the defendant's liability would be limited to 200 marks. No such contract arises in law from the acceptance of a receipt or ticket under the circumstances of this case. They do not justify the inference that the plaintiff agreed to be bound by the special contract in the receipt. There was no negotiation or agreement that the plaintiff should receive any reduced rates for himself and family, nothing from which the court could hold that the plaintiff assented to the special contract. The cases cited by the learned counsel for appellant—Wheeler v. Navigation Co., 72 Hun, 5, 25 N. Y. Supp. 578; Steers v. Steamship Co., 57 N. Y. 1; Zimmer v. Railroad Co., 137 N. Y. 460, 33 N. E. 642— were cases in which the court held that the circumstances thereof, to wit, experience in traveling at reduced rates, discussion as to the disposition of the boxes and trunks, would warrant the court in inferring that the passengers had knowledge of the contents of the contract. No such assumption is warranted by the evidence in this case. For these reasons the judgment must be affirmed, with costs.