WEBSTER SHERWOOD and Another, Respondents, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Negligence, not presumed — liability of a common carrier for delay — the burden of proof is on one assuming the risk of loss.*

Negligence, being a wrong, will not ordinarily be presumed, but must be proved. Upon the trial of an action brought to recover damages sustained by the failure of the defendant, a common carrier, to deliver at its destination, at a sufficiently early date, certain property shipped by the plaintiff, where the plaintiff had agreed with the defendant to take the risk of any loss occasioned by any delay, the plaintiff, in order to recover, must show facts taking the case out of the operation of such agreement. It devolves upon him to show not only the delay of the defendant in transporting the property, but that such delay was occasioned by the wrongful negligence of the defendant.

APPEAL by the defendant, The New York, Ontario and Western Railway Company, from a judgment of the County Court of Sullivan county in favor of the plaintiffs, entered in the office of the clerk of the county of Sullivan on the 22d day of October, 1894, upon the verdict of a jury, upon an appeal from a judgment of a justice of the peace of the town of Rockland, Sullivan county, in favor of the plaintiffs, and also from an order entered in said clerk's office on the 18th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George H. Carpenter*, for the appellant.

*J. M. Maybee* and *T. F. Bush*, for the respondents.

PUTNAM, P. J.:

On July 4, 1893, plaintiffs delivered to defendant a carload of calves at Livingston Manor, N. Y., to be transferred to Sixtieth street, New York. The calves were shipped on the train known as No. 30, which should have left Livingston Manor on or before five-thirty P. M., and reached New York, about 129 miles distant, on the morning of the fifth about four A. M. But No. 30 did not reach New York until after three o'clock in the afternoon, too late for the market on that day, so that plaintiffs could not dispose of the calves until July sixth. In consequence of the delay plaintiffs suffered damages.

Defendant introduced in evidence a contract between the parties

purporting to have been executed at the time of the shipping of said calves, by which the plaintiffs agreed to take "all risk of any loss or damage which may be sustained by reason of any delay in such transportation." A question of fact was raised on the trial whether this contract was executed by the plaintiffs when the calves were shipped or otherwise, which was properly submitted to the jury. The trial court, as we will assume in our discussion of the case, properly instructed the jury that the release, if duly executed on the day it bears date, did not release defendant from liability occasioned by the negligence of its servants.

The only question we deem it necessary to consider arises from the instructions given by the learned trial court in his charge to the jury as to the burden of proof. The charge is as follows: "The duty, therefore, devolves upon the defendant to show or to excuse the delay in the transportation of this car; that is, if you find this delay was an unreasonable delay on the part of the defendant." Again, the court, in his charge, said: "I explained that when the delay of the freight had been shown it devolved upon the defendant to explain the delay; if they failed to explain it satisfactorily the plaintiff is entitled to recover." To the last statement the defendant duly excepted.

The judge, therefore, instructed the jury that the plaintiffs, showing the delay of ten hours in the delivery of the calves, could rest their case and recover unless defendant proved that said delay was not caused by its negligence. His instruction was not that the jury could consider the delay on the question of fact as to defendant's negligence, but as matter of law that the delay being shown, unless excused, the plaintiffs were entitled to recover. We think the judge in thus instructing the jury went too far. There was a contract, or evidence from which the jury could have found one between the parties, by which the plaintiffs took the risk of damage occasioned by delay in transporting the calves, and the defendant, hence, could not be made liable for such delay, unless occasioned by its negligence. It is well settled that negligence, being a wrong, will not ordinarily be presumed, but must be proved. The contract exempting the defendant from liability for damage occasioned by delay it was, we think, for the plaintiffs to show that such delay was on account of defendant's negligence.

In *Lamb et al.* v. *Camden & Amboy R. R. & T. Co.* (46 N. Y. 271) it appeared that the plaintiffs had delivered a quantity of cotton to the defendant for transportation. There was a contract exempting the corporation from liability for loss occasioned by fire. The cotton was destroyed while on the pier of the defendant. The court held that the exemption from loss by fire did not exonerate defendant if the fire resulted from its wrongful negligence; that plaintiffs to maintain the action must have shown affirmatively such negligence, and that the trial court erroneously instructed the jury that the burden was on the railroad corporation to show that the destruction of the cotton by fire was not caused by negligence on its part. In *French* v. *Buffalo, N. Y. & E. R. R. Co.* (4 Keyes, 108; 2 Abb. Ct. App. Dec. 196) it was held that when the liability of a common carrier is limited by contract the burden of proof that the loss occurred in consequence of the negligence of the corporation rests upon the plaintiff. To the same effect see *Whitworth et al.* v. *Erie R. R. Co.* (87 N. Y. 413–419). In the case last cited there was a clause in the contract limiting the liability of the company. ANDREWS, J., in delivering the opinion of the court, says: " The burden was upon the plaintiff to show facts taking the case out of the operation of the exemption clause." (See, also, *Cochran* v. *Dinsmore,* 49 N. Y. 249.)

The case of *Tierney* v. *N. Y. C. & H. R. R. R. Co.* (76 N. Y. 305) and other cases cited by respondents are not parallel. A different rule from that above stated will apply in cases where the liability of a common carrier was not limited by any contract.

Under the authorities above cited it devolved upon the plaintiffs on the trial to show not only the delay of defendant in transporting the calves, but that such delay was occasioned by the wrongful negligence of defendant. The plaintiffs had agreed with defendant to take the risk of any loss occasioned by any delay, and it was for them on the trial, as held in *Whitworth et al.* v. *Erie R. R. Co.* (*supra*), to show facts taking the case out of the operation of the exemption clause contained in the contract. The court, however, instructed the jury that the delay being shown, unless explained by defendant, the plaintiffs were entitled to recover. In other words, that the burden was upon the corporation to show the absence of negligence.

We think the court erred in so instructing the jury, and, hence, that the judgment should be reversed, a new trial granted, costs to abide the event.

HERRICK and STOVER, JJ., concurred.