STERLING AMUSEMENT CO. v. LA COMPAGNIE GÉNÉRALE TRANS-
ATLANTIQUE.†

(Supreme Court, Appellate Term. January 8, 1909.)

SHIPPING (§ 167*)—CARRIAGE OF PASSENGERS—BAGGAGE—LIMITATION OF LIA-
BILITY.

Plaintiff purchased a steamship ticket, which contained a clause providing that the company's liability for loss or damage of baggage should be limited to $100, unless the passenger had the full value insured under the floating policy of the company. No such insurance was taken out. Plaintiff's agent, who purchased the tickets, testified that he could not speak or read the language in which the tickets were printed. *Held*, that a passage ticket for an ocean voyage has the elements of a contract the terms of which the purchaser has ample opportunity to ascertain and understand, and he is bound by the limitation of liability as to the baggage of the purchaser set forth in the contract.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 167.*]

Appeal from City Court of New York, Trial Term.

Action by the Sterling Amusement Company against La Compagnie Générale Transatlantique. From a judgment for plaintiff, de-

fendant appealed. Reversed, and new trial ordered, unless plaintiff accepts a less sum, in which event judgment is affirmed, as modified.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Joseph P. Nolan, for appellant.
Edward D. Brown, for respondent.

GUY, J. This is an appeal by defendant from a judgment for $1,250 in favor of plaintiff in an action to recover for damages to a number of patented theatrical mirrors, delivered by plaintiff to defendant's agent under an alleged express contract that they should be forwarded by defendant from Paris, France, to New York, as baggage of an employé of the plaintiff, one "Madame Domino Rouge."

It appears from the evidence that the plaintiff company was the owner of a theatrical production known as "Madame Domino Rouge," which was being performed in Paris at the time of the alleged contract, and that plaintiff's agent went to the office of the defendant in Paris, secured and paid for passage tickets for "Madame Domino" and her maid, receiving from defendant's agent two railroad and two steamship tickets and checks for the baggage of "Madame Domino Rouge," including the mirrors in question; that plaintiff's agent explained to defendant's agent the character of the mirrors and the purpose for which they were to be used; that plaintiff's agent packed the mirrors at a theater in Paris in the same boxes in which they had been previously transported to Paris from this country, boxes specially made for that purpose, and which were marked in large letters, "Glass; handle with care;" that the mirrors were carefully packed in said boxes by three professional packers, taken to the railroad station in Paris, and delivered to said railroad by direction of defendant's agent, from whom the passage tickets had been purchased, plaintiff's agent paying at that time 555 francs excess baggage; that when delivered upon defendant's dock in New York five of the eight mirrors so checked as baggage were broken; and that the value of the broken mirrors was $1,250.

It was claimed by defendant that by the terms of the express contract, embodied in the ticket purchased by plaintiff, defendant's liability for damage to baggage was limited to $100. The steamship ticket purchased by plaintiff from defendant, a translation of which was introduced in evidence, contained a clause providing that the company's liability for loss or damage of baggage should be limited to $100 for first-class passengers, unless the passenger had the full value insured under the floating policy of the company. No such insurance was taken out by plaintiff. Plaintiff's agent who purchased the tickets, testified that he could not speak or read the language in which the tickets were printed.

The defendant appellant claims that the court erred in charging the jury as follows:

"This limitation of liability is recognized by the law. The defendant company has a perfect right to limit its liability to any amount; but the Court of Appeals of this state has held that this is only applicable where the limited liability is called to the attention of the shipper, or, on the other hand, that the shipper knew, or had reason to know, at the time of making the contract,

that there was such a limited liability clause. Under the circumstances, another fact that you will have to consider in this case is: Did Ford know of the limited liability clause on that ticket? If he did, then this plaintiff corporation can only recover against this defendant to the extent of the sum of $100."

This was error. In Tewes v. North German Lloyd Steamship Co., 186 N. Y. 151, 78 N. E. 864, 8 L. R. A. (N. S.) 199, in which the trial court had charged the jury to the same effect, the appellate court, in reversing the judgment said:

"This charge was clearly in conflict with a number of well-settled cases which hold that there is a just and logical distinction between an ordinary railroad ticket, which may often be regarded as a mere token, and a passage ticket for an ocean voyage, the sale and purchase of which is usually conducted with such caution·and deliberation as to invest the transaction with the elements of a contract, the terms of which the purchaser has ample opportunity to ascertain and understand." Steers v. Liverpool, New York & Philadelphia S. S. Co., 57 N. Y. 1, 15 Am. Rep. 453; Belger v. Dismore, 51 N. Y. 166, 10 Am. Rep. 575; Wheeler v. Oceanic Steam & Navigation Co., 72 Hun, 5, 25 N. Y. Supp. 578, affirmed 149 N. Y. 576, 43 N. E. 990.

It follows that the verdict for $1,250 is excessive.

. Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate to reduce the judgment to the sum of $100, in which event .the judgment, as modified, is affirmed, with costs to the appellant. All concur.