JOHN J. WATSON, Plaintiff, *v.* AMERICAN HAMBURG LINE, Defendant.

City Court of New York, New York County, June 3, 1931.

*Single & Single, Paul D. Compton, Wayne D. Bird* and *Harry Stromenger*, for the plaintiff.

*William B. Devoe* and *Jay F. Tiffany*, for the defendant.

STEUER, J. Plaintiff was a passenger on the defendant's steamship *Resolute* on a cruise around the world. On the voyage he had with him four trunks. These trunks were delivered to the defendant at the pier, and three of them were immediately placed in plaintiff's cabin, or in the companionway immediately adjacent thereto, where they remained throughout the voyage. The fourth went to the baggage room, where it was at all times accessible to the plaintiff. Shortly before the conclusion of the voyage orders were given for the placing of all baggage on the deck. Plaintiff allowed his trunks to be so placed, although he protested against its being done. The trunks were piled on the deck and covered with tarpaulins. Before the steamship landed a heavy rainstorm came up and the plaintiff's trunks were thoroughly soaked.

The damage to the contents of the trunks was stipulated to be $1,500. The jury found that the conduct of the ship's officers in placing the trunks upon the deck under the circumstances prevailing constituted negligence and rendered a verdict for the stipulated amount. Two motions were made after the return of the verdict. The first was to set aside the verdict, and the second to reduce it to the sum of $400. Both of these motions were based upon provisions in the steamship ticket, which constituted the contract of carriage both for the plaintiff and the baggage in question.

The motion to set aside the verdict is based upon clause 3 of the ticket, the material portion of which reads as follows: "The carrier shall not be liable in any capacity for any loss   *   *   *   or injury to any passenger or his baggage, personal effects or other property whether occurring before, during or after embarkation,   *   *   * arising from any of the following causes, whensoever and howsoever occurring:   *   *   *   water   *   *   *   rain   *   *   *. Generally and without limitation of the foregoing, the carrier shall not be liable with respect to any claim whatsoever unless the circumstances giving rise to the claim are due to the negligence of the carrier, and the burden of proving negligence shall be on the party asserting the claim." The defendant relies upon the foregoing for the following reasons: The carrier may exempt itself from liability even for its own negligence where it is specifically so provided in the contract of carriage. With this proposition there can be no dispute. The learned counsel for the defendant contends that

the language above set out does so provide, and points out that the last sentence quoted provides generally that there is to be no liability for any damage unless the carrier is negligent, and that preceding this provision are the words: " Generally and without limitation of the foregoing." These words can only refer to the language which provides exemption in the case of the named contingencies, and their only meaning is that in the case of those contingencies the exemption of the carrier applies regardless of his own negligence. Without considering the merits of this argument, and particularly whether such language is of the specific character necessary to set forth a contract so extraordinary as to relieve one from the consequences of his own negligence (*Mynard* v. *Syracuse R. R. Co.*, 71 N. Y. 180), it may be pointed out that the damage here was caused by the defendant's negligence rather than by the rain. The list of perils provided against will be noted. They are of the character of acts of God, or of persons and objects over which the defendant would presumably have no control. Naturally, in such a category, rain would have a place. This does not mean that the parties intended by their agreement to allow the defendant to expose the plaintiff's baggage to the hazard of a rain storm without adequate protection. While the same clause includes fire, similarly it cannot have been intended to release the defendant if it negligently or deliberately placed baggage in such a position that it was exposed to flames.

The conclusion reached is that the language in question does not release the defendant from the consequences of doing what it did, and for this reason the motion is denied.

The motion to reduce the verdict to $400 is based upon the 5th clause of the contract. The material portions are: " The Carrier shall not be liable in any capacity whatsoever, for * * * injury to any baggage, hand-baggage or other property of a passenger, unless delivered to and into the actual custody of the Carrier's baggage masters on the wharf or vessel, or the chief steward of the latter, and then only when directly caused by the negligence of the Carrier nor shall the Carrier's liability for such baggage exceed in any event the sum of one hundred dollars ($100) per trunk or other similar piece of baggage, * * * it being agreed by the passenger that the value of each trunk or piece as aforesaid * * * delivered into the custody of the Carrier's baggage masters or chief steward as above provided does not exceed said sum of one hundred dollars ($100) respectively, upon which valuation the price of passage hereunder is in part based, unless at the time of delivery of the same to the Carrier, the passenger shall in writing specify a greater value and shall pay to the baggage master at the rate of 1 per

cent on the excess of value thus specified over and above said sum of one hundred dollars ($100), in which case the Carrier's liability shall not exceed such specified value. The Carrier shall not be liable for loss, damage of or injury to property carried in staterooms, on the person or in the custody of the passenger."

There is no doubt that this clause is an agreement which is enforcible and sufficient to limit liability of the carrier for any damage to any article for any cause, including the carrier's own negligence. (*Gardiner* v. *N. Y. Central & H. R. R. R. Co.*, 201 N. Y. 387; *Tewes* v. *North German Lloyd S. S. Co.*, 186 id. 151.) The only question here is whether the trunks in question are covered by the clause. The contract recognizes two classes of baggage — that carried in the passenger's stateroom, and baggage carried under the supervision of the ship's officers in the hold or in a baggage room. It will be noticed that the limitation of liability is specifically limited to trunks delivered into the custody of the baggage master or chief steward, and specifically excludes property carried in the staterooms. The property in suit, admittedly, with the exception of one trunk, was carried in the stateroom, or so near thereto as to be intended by the parties to have been included in that class. It is true that prior to being placed on the vessel and immediately prior to embarkation and when the damage occurred, the property was in the possession of the chief steward. However, such temporary delivery to the chief steward for the purposes of taking the baggage on or off ship, will not change the nature of the baggage as specified in the ticket. (*Holmes* v. *North German Lloyd S. S. Co.*, 184 N. Y. 280.) This being so, the contract contains no provision of limited liability in regard to this baggage, but merely a disclaimer of any liability as to it. The clause referred to as the disclaimer is above set out, and as it in no way provides that it includes the defendant's own negligence, is ineffectual to relieve the defendant from the consequences thereof. (*Holmes* v. *North German Lloyd S. S. Co., supra; Gardiner* v. *N. Y. Central & H. R. R. R. Co., supra.*) The defendant claims that this being a round the world cruise, and all baggage being delivered to the stateroom, the provisions of the ticket are not in accord with actual conditions and should not be so construed. As the defendant worded the ticket, this argument can avail it nothing. The limitation of liability does apply to the one trunk carried in the baggage room, but as to that one the allowance of damage in the stipulation is $100, so that it does not affect the verdict.

The motion to reduce the verdict is denied. Defendant has ten days' stay of execution and thirty days to make a case.