CHRISTIAIME GARCIN, Plaintiff, *v.* COMPAGNIE GENERALE TRANS-ATLANTIQUE, Defendant.

City Court of New York, New York County, June 8, 1936.

*Emanuel Van Dernoot,* for the plaintiff.

*Edgar R. Kraetzer,* for the defendant.

KELLER, J. A ticket issued by a steamship company for a voyage across the ocean is more than a mere token or voucher. It is a

contract creating the obligation and defining the terms of the carriage. If the plaintiff did not read the ticket, she is nevertheless bound by its terms. If the ticket and its terms were written in English, which she could not read because she spoke, read and understood only French, it would be her duty to have it read or explained to her. Her failure to do so will not exempt her from the limitations and conditions printed thereon. (*Murray* v. *Cunard S. S. Co., Ltd.*, 235 N. Y. 162; *Sterling Amusement Co.* v. *La Compagnie Generale Transatlantique*, 61 Misc. 603.) The limitations of defendant's liability for personal property other than baggage is defined and explained in paragraph 4, subdivision (G), of the contract. Such clauses limiting liability even for defendant's negligence are binding and enforcible. (*Gardiner* v. *New York Central & H. R. R. R. Co.*, 201 N. Y. 387; *Tewes* v. *North German Lloyd S. S. Co.*, 186 id. 151; *Watson* v. *American Hamburg Line*, 140 Misc. 519.)

Judgment for the plaintiff for $100, with interest, as demanded in the complaint, for which sum the defendant concedes liability.