LUKE J. MURRAY, Respondent, v. THE CUNARD STEAM-
SHIP COMPANY, LTD., Appellant.

**Carriers — steamships — contract of carriage — when stipu-
lation for notice of claim for personal injuries within limited
time binding upon passenger — passenger takes risk of omission
to read terms of passage contract — limitation applicable not-
withstanding aggravation of injury after debarkation.**

1. A stipulation in a steamship "passage contract ticket" for
written notice of a claim for personal injuries within forty days after
debarkation is binding upon a passenger in the absence of evidence
that he was physically or mentally unable to give the required notice.
(*Gooch* v. *Oregon Short Line Ry. Co.*, 258 U. S. 22, followed.)

2. Such a ticket, issued by a steamship company for a voyage across
the ocean and prescribing the particulars which shall govern the
conduct of the parties until the passenger reaches the port of destina-
tion, is more than a mere token or voucher.  It is a contract creating
the obligation and defining the terms of carriage and the act of accept-
ance gives rise to an implication of assent.  The passenger who omits
to read takes the risk of the omission and his surrender of the ticket
when he boarded the ship after he had held it several days with ample
time to read it does not alter his obligation to abide by the terms of the
contract.

3. A contention that the limitation does not apply where the injury
is aggravated after the date of debarkation since the suffering thereby
occasioned is part of the damage which the passenger may claim,
cannot be sustained.  The notice was to be warning to the carrier
of an event that would expose it to a claim of liability irrespective of
the amount.

*Murray* v. *Cunard Steamship Co.*, 200 App. Div. 466, reversed.

(Argued January 23, 1923; decided March 6, 1923.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered April 6, 1922, affirming a judgment in favor of
plaintiff entered upon a verdict.

*Thaddeus G. Cowell* for appellant.  The condition of
the contract providing that written notice of the claim be

delivered to the company within forty days after debarkation is valid. Plaintiff's failure to comply with this condition bars recovery. (*Gooch* v. *Oregon S. L. R. R. Co.*, 42 Sup. Ct. Rep. 192; 264 Fed. Rep. 664; *Jennings* v. *G. T. Ry. Co.*, 127 N. Y. 451; *St. Louis, I. M. & So. Ry. Co.* v. *Starbird,* 243 U. S. 592; *Southern Pacific Co.* v. *Stewart,* 248 U. S. 446.)

*Louis J. Greenburg, Moses Feltenstein* and *Richard Welling* for respondent. The clause on the ticket providing that written notice of an intention to sue be delivered to the company is not binding upon the plaintiff. (*Martin* v. *C. R. R. Co.*, 46 Okla. 169; *O'Rourke* v. *Cunard S. S. Co.*, 169 App. Div. 943; *Heumen* v. *Powers Co.*, 226 N. Y. 205; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 370; *Security Trust Co.* v. *Wells, Fargo & Co.*, 81 App. Div. 426; 178 N. Y. 620; *Richardson* v. *N. Y. C. & H. R. R. R. Co.*, 122 App. Div. 120; *Frey* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 747; *Lynch* v. *N. Y. C. & H. R. R. R. Co.*, 98 Misc. Rep. 472; *Jennings* v. *G. T. Ry. Co.*, 127 N. Y. 438.)

CARDOZO, J. The plaintiff left New York on April 24, 1920, as a second cabin passenger on the defendant's steamship *Mauretania.* On April 28 he broke his knee cap by a fall upon the deck. His statement is that he caught his foot in a rope attached to a canvas curtain, which had been left unfastened so that it was blown by the wind. The defendant says that he was injured in jumping over ropes which separated the deck for one class of passengers from the deck for another. The vessel reached Southampton on May 2, 1920. The plaintiff went ashore with the aid of a crutch, and was taken by train to London. From London he went to Dublin, where he was for six weeks in Dublin Hospital. Leaving the hospital, he spent a week or two in his home in Strokstown, Roscommon county. As the result of trouble

which developed in his knee, he went to Roscommon Hospital and was there for several months. He then spent another fortnight in his home; and, dissatisfied with his progress, returned to Dublin Hospital, where he submitted to an operation involving the removal of pieces of bone. His final discharge from the hospital was about the middle of November. After remaining some weeks in Ireland, he sailed for New York on January 8, 1921. On February 24, 1921, without preliminary notice, this action was begun.

The plaintiff's ticket, issued to him some days before the departure of the vessel, is described in large type as a " cabin passage contract ticket." It provides, again in large type, that " this contract ticket is issued by the company and accepted by the passenger on the following terms and conditions." One of the terms and conditions is that no action shall be maintained either for injury to property or for personal injury to the passenger unless commenced within one year after the termination of the voyage. That requirement was obeyed. Another term or condition is that no action shall be maintained for injury to property unless written notice of the claim be delivered to the company within twenty days after debarkation, and that no action shall be maintained for injury to the passenger unless written notice of the claim be delivered to the company within forty days after debarkation. That requirement was not obeyed. At the top of the ticket is printed a notice: " The attention of passengers is specially directed to the terms and conditions of this contract."

We assume, without intending to decide, that the plaintiff's narrative, if accepted, would sustain a finding by the jury that the defendant had been negligent. We assume also that a contract exonerating the defendant altogether from liability for negligent injury to a passenger would be ineffective and void because opposed to public policy (*Smith* v. *N. Y. C. R. R. Co.*, 24 N. Y. 222). This

case is not within the exceptions established by such decisions as *Kansas City Southern Ry. Co.* v. *Van Zant* (260 U. S. 459); *Northern Pac. Ry. Co.* v. *Adams* (192 U. S. 440), and *Anderson* v. *Erie R. R. Co.* (223 N. Y. 277). Exoneration, however, is not to be confused with regulation. " A stipulation for written notice within a reasonable time stands on a different footing, and of this there is no doubt " (*Gooch* v. *Oregon Short Line Ry. Co.*, 258 U. S. 22). There the contract called for notice within thirty days. " The plaintiff was in a hospital for about thirty days under the care of a doctor employed by the defendant, but was not disabled from giving the notice." The court enforced the contract. " Very probably," it was said, " an exception might be implied if the accident made notice within the time impracticable " (*Gooch* v. *Oregon Short Line Ry. Co.*, *supra*). There is no evidence that this plaintiff was physically or mentally unable to give notice of the injury (*Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444; *Smith* v. *Village of Clifton Springs*, 233 N. Y. 591). Even if we were to assume in his favor that there was incapacity for a time, with a resulting extension of the period for notice, he did not make a move within forty days thereafter. Limitations of this kind have their justification in the need of some safeguard to protect the carrier against fraud. Passengers on steamships scatter in all directions when the voyage is at an end. If claims may be presented at any time within the term of years permitted by the Statute of Limitations, the opportunity for investigation will often be lost beyond recall. " The practice of fraud is too common to be ignored " (*Gooch* v. *Oregon Short Line Ry. Co.*, *supra*).

The plaintiff argues that he is not bound by the conditions of the ticket because he did not read them. The omission does not help his case. The law is settled in this state that a ticket in this form, issued by a steamship company for a voyage across the ocean, is more than a mere token or voucher. It is a contract, creating the

obligation and defining the terms of carriage (*Steers* v. *Liverpool, etc., S. S. Co.,* 57 N. Y. 1; *Tewes* v. *North German Lloyd S. S. Co.,* 186 N. Y. 151, 155; 1 Williston on Contracts, §§ 90, 90a, 90b). The ruling is in accord with judgments in other jurisdictions (*Fonseca* v. *Cunard S. S. Co.,* 153 Mass. 553; *O'Regan* v. *Cunard S. S. Co.,* 160 Mass. 356; *Secoulsky* v. *Ocean Steam Nav. Co.,* 223 Mass. 465; cf. *N. Y., etc., R. R. Co.* v. *Beaham,* 242 U. S. 148, 151; *Cooke* v. *T. Wilson Sons & Co.,* 1916, 85 L. J. R. [K. B.] 895, 896; *Hood* v. *Anchor Line,* 1918 A. C. 837, 845, 849). This is not a case of a mere notice on the back of a ticket, separate either in substance or in form from the body of the contract (*The Majestic,* 166 U. S. 375). Here the condition is wrought into the tissue, the two inseparably integrated. This ticket, to the most casual observer, is as plainly a contract, burdened with all kinds of conditions, as if it were a bill of lading or a policy of insurance. "No one who could read could glance at it without seeing that it undertook to prescribe the particulars which should govern the conduct of the parties until the passenger reached the port of destination" (*Fonseca* v. *Cunard S. S. Co.,* 153 Mass. 553). In such circumstances, the act of acceptance gives rise to an implication of assent (1 Williston on Contracts, §§ 90, 90a, 90b; *Fonseca* v. *Cunard S. S. Co., supra; N. Y. C. Ry. Co.* v. *Beaham, supra*). The passenger who omits to read takes the risk of the omission.

The plaintiff is not helped by his surrender of the ticket when he went aboard the ship, after he had then held it several days with ample time to read it. A contract valid and reasonable in its inception does not become invalid and unreasonable thereafter, because the passenger who has assented, is unable, when the voyage is over, to recall the terms of the assent. If some aid to memory is required, his business is to make for himself a note of the conditions, or to procure from the carrier a copy, which doubtless would be given for the asking.

There is little ground for the belief that this plaintiff would have examined his ticket within the period of forty days, though he had taken it ashore on the termination of the voyage. If we accept his own testimony, he paid no heed to the conditions, and the thought of any need to refer to them did not enter his mind. He had abundant opportunity both on the ship and later to inquire about the terms of carriage, if he supposed them to be important. We should indulge in the merest speculation if we were to say that the surrender of the ticket was the cause of the omission of the notice. Whether it was or not, his contract remained the same. He is charged as if he had signed (*Hood* v. *Anchor Line, supra; Fonseca* v. *Cunard S. S. Co., supra*). The obligation of one who signs is not defeated by proof that the document has been lost or that its contents have been forgotten.

Some argument is made that the limitation does not apply where the injury is aggravated after the date of debarkation, since the suffering thereby occasioned is part of the damage which the passenger may claim. A like point was made in *Gooch* v. *Oregon Short Line Ry. Co.* (*supra*) as will appear from an inspection of the record, but the court did not sustain it. The notice was to be warning to the carrier of an event that would expose it to a claim of liability, irrespective of the amount.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., POUND, McLAUGHLIN and CRANE, JJ., concur; HOGAN, J., not voting; ANDREWS, J., absent.

Judgment accordingly.