## BAER et al. v. NORTH GERMAN LLOYD.
### No. 203.

Circuit Court of Appeals, Second Circuit. Feb. 13, 1934.

M. N. Schleider, of New York City (Jay Leo Rothschild and Louis Rivkin, both of New York City, of counsel), for appellants.

Alfred W. Andrews, of New York City (G. Everett Hunt, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff and her husband, who died after this suit was brought and as to whom it has abated, were residents of New York and were in Germany in the spring of 1930. They returned to New York in April on the steamship Bremen of the defendant. On March 19th, the husband purchased of the defendant's agent either at Dresden or Berlin a ticket for their passage. The plaintiff was with him at the time and helped select their cabin but did not receive or read the ticket then or later. There was no evidence that the husband read it either. After they were aboard ship it was taken up in due course.

■ The plaintiff attempted to prove by her own testimony that only what may be called the ticket proper was delivered to her husband. This was a long piece of paper which was the signed agreement of the defendant to provide the designated accommodations for them on a named voyage of the ship from Bremen to New York and included a receipt showing the payment of the passage money. It is clear, however, that the plaintiff had little real knowledge of what was in fact delivered to her husband when he bought the ticket. It was stipulated that officials of the defendant would testify if called that the standard form of such a ticket as the plaintiff's husband purchased included the piece of paper, which has been mentioned as the ticket proper, as part of a larger piece of paper on which certain conditions were printed both in English and in German on the front and on the back. Between the ticket proper and the remainder of the paper, a row of perforations ran from top to bottom. The court refused to allow the jury to decide as a question of fact whether or not the ticket proper was detached from the remainder of the paper at the perforations and only the former delivered to the plaintiff's husband. In this we think the judge was clearly right. The regular ticket issued by the defendant for such a passage was purchased, and in the ordinary course the standard form would have been delivered. The evidence of the plaintiff went only to show that she was standing beside her husband and saw him receive a long paper. When asked to tell what she saw she answered: "I just saw the number of the stateroom and what deck we were on." She only noticed one piece, and could not remember whether it was folded. Such evidence was proof only that the plaintiff had no real knowledge of just what was delivered to her husband and quite insufficient to show even prima facie that he did not receive the defendant's standard form ticket.

■ The serious question on this appeal is how far the plaintiff is bound by the conditions printed on that part of the standard form which was attached to the ticket proper. None of the conditions printed on the face of it are here involved. The action of the court in dismissing the complaint was based wholly on the failure of the plaintiff to comply with conditions appearing on the back. The German text on the face, broken in the middle of an unfinished sentence, would give notice to the reader that more appeared on the back. The English text, however, gave seven conditions on the front of the paper with the last one complete and there was nothing to indicate that there were any more on the back of the paper. At the top of this column were the words in larger letters "Conditions of Transportation" and above these words was this sentence: "Acceptance of this Transportation Order by the passenger should be regarded as signifying his or her decision to abide by the Passage Regulations of the Norddeutscher Lloyd."

The effect of these headings over the column in which the conditions were printed was to notify the passenger that the contract under which the transportation was to be furnished by the defendant was subject to the conditions there set forth. These conditions were not referred to at all in the ticket proper which was duly signed in behalf of the defendant and which was the transportation contract binding upon the parties. Since they were not in any way incorporated in the body of the contract, they were merely notices. The Majestic, 166 U. S. 375, 17 S. Ct. 597, 41 L. Ed. 1039. Where such conditions do not appear in form or by reference in the contract itself and are consequently no more than notices, they cannot avail the defendant unless they are distinctly brought to the knowledge of the passenger. Compare New York C. & H. R. R. Co. v. Fraloff, 100 U. S. 24, 25 L. Ed. 531; The Majestic, supra. In the latter case the words "See back" which appeared on the face of the ticket below the signature of the defendant's agent were not enough to charge the ticket holder with notice of what was on the back. Here there was not even that to direct attention to the back of the paper. At least as to the conditions printed on

the back of the standard form, and we now have no occasion to consider the others, though we do not suggest any distinction except that they are not relied on, The Majestic, supra, is controlling, and the plaintiff is not bound by them in the absence of proof that they were known to her.

The defendant relies largely on Murray v. Cunard S. S. Co., 235 N. Y. 162, 139 N. E. 226, 228, 26 A. L. R. 1371, to show the contrary. We do not so read that case. The condition there relied on and enforced was a part of the contract itself. A short quotation from the opinion makes that clear: "This is not a case of a mere notice on the back of a ticket, separate either in substance or in form from the body of the contract. The Majestic, 166 U. S. 375, 17 S. Ct. 597, 41 L. Ed. 1039. Here the condition is wrought into the issue, the two inseparably integrated."

As we are of the opinion that these limitations as to time for giving notice of claim and for bringing suit are not enforceable because not a part of the contract actually or by reference and not made known to the plaintiff, it becomes unnecessary to discuss any question of waiver.

Judgment reversed.