## THE EUROPA.
### No. A–12046.

District Court, E. D. New York.
April 20, 1934.

Louis Broido, of New York City (Milton S. Harrison, of New York City, of counsel), for libelants.

Alfred W. Andrews, of New York City (James M. Baird, of New York City, of counsel), for claimant.

BYERS, District Judge.

Hearing on exceptions to certain paragraphs in the answer which plead as a separate and complete defense a 10 day notice of claim clause in a passenger ticket, and failure to comply therewith.

The libel alleges the death of the libelants' decedent on the night of May 1, 1930, in Paris, the day following an injury suffered by him as the result of the fault and negligence of the ship, her owners, etc., while a passenger on the Europa bound to Cherbourg, France, from New York. Apparently the ship made port on the morning of May 1st and the decedent went on to Paris the same day, and died that night. The body was returned to Pittsburgh, Pennsylvania, where the decedent resided. His will was probated on May 14, 1930, and the libelants were named therein as executors.

The date of their qualification is not stated in the libel, which was filed in this court on September 16, 1930. The 10 day period for the giving of notice expired on May 11, 1930.

The paragraphs in the answer to which the exceptions apply refer to the contract of passage embodied in the ticket, the clause in question, the failure to comply with the 10 day notice requirement, and the consequent bar to this action.

No reference is made to the failure to bring suit within 90 days, and that question is not involved.

The clause relied upon reads as follows:

"(C) No suit shall be maintainable against the Carrier for loss or delay of, or injury to, baggage or property, or for death or detention of, or injury to, any Passenger, or for breach of this contract, unless written notice of the claim, with full particulars, shall be delivered to the Carrier at its office within 10 days after termination of the voyage, and unless suit shall be commenced thereon within 90 days after such termination. In case such voyage shall be prevented or uncompleted for any reason, no such suit shall be maintainable unless such notice shall be delivered to the carrier at the port of embarkation or at the port of debarkation within 30 days after the sailing date mentioned herein and unless such suit shall be commenced within 90 days after such sailing date."

If the foregoing be given the effect asserted in the answer, the plaintiffs are barred from maintaining this suit, although the Act of Congress of March 30, 1920 (41 Stat. 537, U. S. C. title 46, § 761 [46 USCA § 761]) expressly provides for such a cause of action, if the same be begun within two years from the date of the alleged wrongful act.

It is difficult to see how the claimant's position can be sound, since it has been held that a carrier cannot contract for freedom from liability imposed by law. Oceanic Steam Nav. Co. v. Corcoran (C. C. A.) 9

F.(2d) 724, at page 727, 57 A. L. R. 163, and cases cited.

This Court cannot hold that the failure of the libelants to give the notice contemplated by the ticket, within a period of time that expired before they enjoyed the legal status which would enable them to assert the claim, constituted a bar, without doing violence to the purpose of the statute.

True, the ticket does not say that the notice must be given by the personal representatives of the deceased, but it is the failure by the libelants or their intestate to give the notice, which is relied upon, in paragraph Fifteenth of the answer, to constitute the bar.

So far as the decedent is concerned, he was not required to give the notice before May 11, 1930, and as has been stated he died on May 1st, and the libelants could not have given notice prior to May 14, 1930, at the earliest. Whether they could have done so then does not appear from the pleadings.

So that, for present purposes, the 10 day notice was not only unreasonable; it was impossible.

The cases seem not to have presented the question concerning the failure to give notice within a stipulated time, where personal representatives are involved, although it was forecast in the dissent in Gooch v. Oregon Short Line R. Co., 258 U. S. 22, 42 S. Ct. 192, 66 L. Ed. 443.

It will be assumed that W. R. Grace & Co. v. Panama R. Co. (C. C. A.) 12 F.(2d) 338, is still the law, for it was not held otherwise in Hessler v. North German Lloyd (C. C. A.) 55 F.(2d) 927. That case apparently weighed the giving of notice, and the commencement of suit, and found them wanting.

If such a course is to be followed here, the facts involved should be brought to light, and the issue resolved accordingly. Presumably that was done in Martin v. Royal Mail Steam Packet Co. (C. C. A.) 65 F.(2d) 1019.

The exceptions will be sustained in the belief that the allegations of the answer to which they are directed, if taken to be true, do not constitute a bar to the libelants' cause; pursuant to Admiralty Rule 27 (28 USCA § 723), the claimant, if so advised, and within ten days from the date of service of the order hereon, may amend its answer so as to allege that the notice of claim was not presented within a reasonable time after the termination of the voyage in question.

Settle order on 3 days' notice.