In the Matter of the Arbitration between NEHEMIAH GITELSON & SONS, a Copartnership, Petitioner-Respondent, and WEAVETEX MILLS, Respondent; SALLY BOWMAN, Appellant.

First Department, December 20, 1948.

*Louis Libert* for appellant.

*Mordecai Konowitz* for petitioner-respondent.

CALLAHAN, J. The petitioner-respondent Nehemiah Gitelson & Sons (hereinafter called Gitelson) is a converter of textiles in the city of New York. It entered into an agreement with Weavetex Mills (hereinafter called Weavetex) engaged in the weaving of textiles in Paterson, New Jersey, to have certain of its yarns made into cloth. The appellant Bowman is the assignee of Weavetex for the amount of a deficiency on the foreclosure of a processor's lien by Weavetex against the goods of Gitelson in its possession.

On April 10, 1946, Gitelson wrote to Weavetex as follows: " Gentlemen: In accordance with arrangements we have made with you, Cadillac Warping & Sizing Company of Paterson, New Jersey, shipped to you yesterday for our account 1600 sized yards of 60 denier Fortisan, warped 9000/1. This is for our style C656 satin, to be made 40″ 225/92, with the filling also to be of 60 denier Fortisan and the weight to be about 5.50 yards to the pound. Attached herewith are weaving instructions.

" As we have pointed out to you this will give us an expensive cloth due to the high cost of the yarn being used. It is, therefore, essential that you use the utmost care in producing a fabric with an absolute minimum of defects so that the resulting fine quality will justify the price we will have to get.

"If there is any further information you need, please let us know promptly. Thanking you for your cooperation, we remain,

(Rubber Stamp)

"Any controversy arising under, or in relation to this contract shall be settled by arbitration which arbitration shall be held in the City of New York in accordance with the laws of the State of New York and unless otherwise agreed under the rules then obtaining of the General Arbitration Council of the Textile Industry.

Sincerely yours,<br>NEHEMIAH GITELSON & SONS<br>Per IRVING J. FEINFELD.

"P. S. We agree to your weaving quotation of 80¢ per yard."

This communication was followed by five other letters from Gitelson and addressed to Weavetex from time to time until June 21, 1946. This subsequent correspondence merely contained advices as to additional shipments of yarn, instructions for weaving, etc., and in one instance complaint concerning defects in the cloth already woven. Each of these letters, however, was stamped with the identical indorsement for arbitration appearing in the letter of April 10, 1946, aforesaid. They otherwise contain or add nothing of a contractual nature to the original communication.

It does not appear that Weavetex replied in writing to any of the letters received from Gitelson.

The principal question in this case is whether the letters constitute a written contract for arbitration of disputes between the parties. (See Civ. Prac. Act, § 1449.) It is claimed by the appellant Bowman that the "arrangements" between Gitelson and Weavetex for the weaving of the yarn into cloth were oral, and that no provision for arbitration was ever discussed or made part of any agreement between them. In this connection it is pointed out that the record is devoid of proof that such alleged oral contract provided for arbitration of controversies, nor does Gitelson claim any such understanding. Of course, any oral agreement for arbitration would be unenforcible in any event (*Matter of Tanenbaum Textile Co.* v. *Schlanger*, 287 N. Y. 400; Civ. Prac. Act, § 1449). However, it is Gitelson's position that the letters constitute the contract with Weavetex and show on their face an agreement in writing to arbitrate within the requirements of section 1449 of the Civil Practice Act.

The determination of the issue thus raised is important by reason of the fact that disputes arose between the parties as to the quality of the work and the right of Weavetex to payment. On September 9, 1946, Gitelson invited the General Arbitration Council of the Textile Industry (hereinafter called the Arbitration Council) to settle the controversy by arbitration in New York City in accordance with the provision for arbitration stamped on each of its letters to Weavetex. The latter declined to participate in any proceedings before the Arbitration Council on the ground that there was no binding agreement to arbitrate. Subsequently, however, on February 10, 1947, the parties executed a written agreement for submission of all existing controversies to the decision of two named arbitrators and a third to be selected by them, and providing for such arbitration to be conducted in the city of Paterson or the city of New York in accordance with the laws of New Jersey. In these respects (and others) it will be noted that the submission agreement differed materially from the provision for arbitration indorsed on the Gitelson letters.

The so-called " New Jersey " arbitration resulted in an unanimous award in favor of Weavetex. On a motion by the successful party to confirm and for judgment on the award the court, however, granted the cross-application of Gitelson to vacate the award on the ground of indefiniteness, and directed a resubmission to the same arbitrators. The arbitrator designated by Gitelson withdrew and refused to act any further in the matter. Gitelson declined to name another in his place, and the " New Jersey " arbitration aborted because of a time limitation in the submission agreement.

It is Gitelson's contention that the *status quo ante* between the parties was thereby restored and required arbitration as proposed by the indorsement stamped on the Gitelson letters. Accordingly, notice was given to Weavetex of an intention to continue the proceedings previously commenced before the Arbitration Council in New York City, and Weavetex was notified of time and place of hearing. However, it chose to ignore these advices and meanwhile proceeded in New Jersey to foreclose its processor's lien against Gitelson's yarn in its possession. The foreclosure deficiency of $567.30 was assigned to the appellant Bowman, who brought an action thereon against Gitelson in the Municipal Court of the City of New York.

The proceedings before the Arbitration Council were completed and on default of Weavetex terminated in an award in

Gitelson's favor. The latter brought on the usual motion to confirm the award and for judgment as well as for a stay of the Municipal Court action instituted by the appellant Bowman. The matter is now before this court on appeal from the order of the Special Term granting such relief in favor of Gitelson.

We think that the proceedings before the Arbitration Council were unwarranted and the arbitrators without jurisdiction in the absence of an enforcible written agreement to arbitrate. The Gitelson letters bearing the stamped indorsement for arbitration before that tribunal do not appear to have been offered as proposed contracts or written orders to Weavetex. They are rather in the nature of general confirmatory correspondence containing instructions with regard to certain work already the subject matter of agreement between the parties. The only mention of the word " contract " is in the indorsement stamped promiscuously on all the letters, even those having no semblance of an agreement or contractual offer. Under the circumstances we consider that Weavetex cannot be held to have acquiesced by silence in any agreement to arbitrate with Gitelson. While the acceptance of a document plainly purporting to be a contract gives rise to an implication of assent to its terms despite ignorance of its contents (*Murray* v. *Cunard Steamship Co.*, 235 N. Y. 162, 166), we think that Weavetex was under no duty to speak in the situation of this case such as might otherwise be expected if the letters purported to be complete and formal orders or contracts containing a provision for arbitration. This is particularly true in a case where the parties had already bound themselves to a contract for the work in question without mention of arbitration. (See *Matter of Tanenbaum Textile Co.* v. Schlanger, 287 N. Y. 400, 404, *supra*.) However, if any doubt might be said to exist as to the making of a contract binding Gitelson and Weavetex to arbitration, it would seem that the parties themselves resolved any such doubt by a practical construction of the letters when they entered into a written submission agreement upon different terms. This would not have been necessary if they regarded themselves as already bound by an existing and valid agreement for arbitration. Accordingly, when the " New Jersey " arbitration initiated under the submission agreement aborted, the parties were relegated to their legal remedies.

In view of this conclusion we need not consider the further question argued in the briefs whether the submission agreement constituted a superseding contract for arbitration or whether any such question would be a matter for decision by the court.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion denied.

GLENNON, J.P., DORE, COHN and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.