## HORVATH v. CUNARD STEAM-SHIP CO., Ltd.

Civ. A. 11849.

United States District Court
E. D. New York.
March 11, 1952.

Edward Kurland, New York City (Elliott A. Roberts, New York City, of counsel), for plaintiff.

Lord, Day & Lord, New York City (William J. Brennan, New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion by the defendant to dismiss the complaint on the ground that the maintenance of this action is barred by reason of the plaintiff's failure to begin his action within one year from the date of his claimed injury.

The plaintiff, a resident of Corona, Long Island, purchased a Tourist Class steamship ticket of the defendant on May 18, 1949, for passage from New York City to Cherbourg, France, on the Queen Mary. The ticket was purchased by the plaintiff from the Foldes Steamship Ticket Agency.

On May 21, 1949, the plaintiff, as a passenger on board the Queen Mary, while en route from New York to Cherbourg, sustained injuries which he alleges were caused by the slipping of the ladder he was ascending in attempting to get into an upper berth. He returned to the United States from Europe on October 27, 1949.

This action was instituted on June 6, 1951, by service of a summons on the defendant, the summons issuing out of the Supreme Court of the State of New York for the County of Queens. The action was removed to this court on petition by the defendant. on the ground of diversity, since the defendant is a British corporation.[1]

The defendant's amended answer pleads as a defense, among other things, the provision in the ticket which reads: "No suit, action or proceeding against the Company or the ship, or the Agents of either, shall be maintainable for * * * bodily injury to any passenger unless (a) written notice of the claim be delivered to the Company *· * * and (b) such notice having been given, the suit, action or proceeding is commenced within one year from the day when the * * * injury occurred."

The above condition appears on the face of the ticket. Also stated on the face of the ticket in capital letters printed in red ink, is the following: "And it is mutually agreed that this contract ticket is issued by the company and accepted by the passenger on the following terms and conditions:"

The terms and conditions referred to are prefaced by a notice, in red ink, near the top of the ticket stating as follows: "Notice: The attention of passengers is specially directed to the terms and conditions of this Contract."

It is settled law that a ticket in the form disclosed here is not a mere token or voucher, but is a contract, creating the obligation and defining the terms of carriage, Murray v. The Cunard Steamship Co., Ltd., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371. In that case, the plaintiff, suing for injury alleged to have been incurred as a passenger on the defendant's steamship, was held to be bound by the term or condition in the ticket requiring written notice of the claim to the defend-ant company. The court declared that the terms and conditions were binding upon the passenger even though he did not read them and was required to surrender the ticket when he went aboard the ship.

In Foster v. Cunard White Star Ltd., 2 Cir., 1941, 121 F.2d 12, furthermore, the provision of the ticket limiting suits to a year after the event was upheld as binding on the passenger. Such limitation to bringing action has also received legislative recognition. See 46 U.S.C.A. 183b.

The plaintiff seeks to escape from his obligation under the contract on the ground that he was unable to read or write English. Section 183b of Title 46 U.S.C.A., as well as case authority, is cited for excusing the plaintiff's failure to give written notice of his claim to the defendant prior to instituting action. However, the present motion to dimiss is based, not upon plaintiff's failure to give notice, but upon the failure to institute action within the time prescribed in the ticket. Moreover, in Osipuk v. Oceanic Steam Navigation Co., D.C.N.Y., 58 F.2d 673, cited by the plaintiff, in excusing the passenger's noncompliance with the provision in the ticket requiring written notice of the claim, the court found that neither the libellant nor any one representing her could have read the ticket. It appears from the opinion that the libellant's father had purchased the ticket, but was never shown the ticket nor informed of the provisions therein. The ticket itself was delivered by the American consul at Warsaw to libellant, a sixteen year old immigrant girl. Furthermore, the court found that the type of the clause in question was "almost microscopic" and was obscured by other writing. On appeal, the Circuit Court of Appeals affirmed, not on the ground that noncompliance was excused, but on the alternate ground of the District Court's decision that libellant had complied with the requirement of written

---

1. It may be noted that there was no copy of the complaint attached to the petition. An examination of the complaint filed in this court on March 7th, 1952, indicates that a copy was served upon the attorneys for the defendant on September 21, 1951, by mail. The original complaint is dated September 21, 1951. This date being subsequent to the time of the filing of the defendant's petition for removal, would explain why the complaint was not filed in the state court.

**358**

notice. Osipuk v. Steam Navigation Co. Ltd., 2 Cir., 1933, 64 F.2d 478.

 The injuries suffered by the plaintiff were fractures of three ribs and damage to the right kidney. It is contended in the plaintiff's memorandum of law that he was bedridden until February 19, 1951. However, according to the testimony he gave during the examination held before trial, the only times he was confined to bed because of his injuries were on the day following the alleged accident, and hospitalization for ten days while under a doctor's care and treatment in Budapest between May 31, 1949 and July 20, 1949. The plaintiff also testified that he had received medical treatment from doctors after his return to the United States in October, 1949. These treatments, however, with the exception of one visit to the plaintiff's home by a Dr. Nyilas, were received at the doctors' offices. In the circumstances, it cannot be said that the plaintiff was so physically incapacitated as to excuse him from the terms and conditions of the ticket contract.

Incapacity in the circumstances shown might justify an extension of the period provided for in the ticket, to one year from October 27, 1949, the date of his return from abroad. See Murray v. Cunard Steamship Co., Ltd., supra, 235 N.Y. at page 165, 139 N.E. at page 228. Here, however, the plaintiff did not institute his action until June 6, 1951, which is almost 25 months after the injury occurred and almost 20 months after his return from Europe. It would be unreasonable to extend the provision in question for so long a period.

Also there is authority holding that the fact that the passenger was a minor or an infant does not relieve the passenger from compliance with provisions of a steamship passage ticket requiring written notice of a claim for injuries or requiring the commencement of a suit within one year. The Finland, D.C.N.Y., 35 F.2d 47; Lee v. Swedish American Line, D.C.N.Y., 6 F. Supp. 342. If the rule is binding upon an infant, á fortiori it should apply to adults unable to understand English. It is reasonable to assume that adults possess the capacity of asking somebody for an explanation of the terms and conditions. It may be noted that the plaintiff's deposition indicates that he is a citizen of the United States (presumably through naturalization) and has resided in the United States since 1906.

The terms and conditions of the ticket include the following: "20. All questions arising on this contract ticket shall be decided according to English law with reference to which this contract is made."

Since neither party has pleaded or cited English law it may be assumed that both rely on American authorities.

In view of the foregoing reasons the defendant's motion is granted. Settle order.