David A. LOUNDON, Plaintiff,

v.

MORRISON-KNUDSEN COMPANY, Inc., Bates and Rogers Construction Corp., Ralph E. Mills Co., Inc., Blythe Bros. Company, and Nello L. Teer Company, d/b/a Atlas Constructors, Defendants.

United States District Court
S. D. New York.
Dec. 29, 1955.

Cooper, Ostrin & De Varco, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendants.

EDELSTEIN, District Judge.

The defendants move, under Fed. Rules Civ.Proc. Rule 12(b) (6), 28 U.S. C.A., to dismiss the complaint whereby plaintiff has sued for the breach of an "Off-Continent Employment Agreement" entered into in New York, under which he was employed as an engineer to work on construction projects in French Morocco, North Africa. The breach alleged is wrongful discharge. The contract included a provision obliging the employee to give written notice of any claim arising out of the employment within 60 days after such a claim arose, as a condition precedent to recovery. Plaintiff's employment was terminated on August 2, 1953, and the first written notice of claim by him was received from his attorneys under the date of January 19, 1955, almost a year and a half later.

The complaint adequately states a claim upon which relief can be granted, but inasmuch as matters outside the pleading have been presented and received, the motion will be treated as one for summary judgment under Rule 56. Rule 12(b), Federal Rules of Civil Procedure; 2 Moore's Federal Practice (2d ed.) 2255.

■■ It is well settled that parties may validly contract for a notice of claim to be given within a stipulated period as a condition to the maintenance of suit. Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371. Such a stipulation is binding unless the specified period is unreasonable in all the circumstances. See Murray v. Cunard S. S. Co., supra, 235 N.Y. 162, 165, 139 N.E. 226. Greenhill v. Delano, 193 App.Div. 842, 184 N.Y.S. 617; and cf. The Arabic, 2 Cir., 50 F.2d 96; Oceanic Steam Nav. Co. v. Corcoran, 2 Cir., 9 F.2d 724, 57 A.L.R. 163; Pacific S. S. Co. v. Sutton, 9 Cir., 7 F.2d 579; The Europa, D.C., 6 F. Supp. 686. On the record presently before the court it is impossible to determine the reasonableness of the 60-day period because, the plaintiff being absent from the country, the affidavit submitted on his behalf by his attorney is not on personal knowledge as required by Rule 56(e).

■ Nevertheless, even assuming the invalidity of the 60-day limitation, the defendant is not thereby deprived of all protection against tardily presented claims. For if the stipulated term of notice were to be held unreasonably short, the plaintiff would be entitled to an extension only so far as to sustain the validity of a notice actually given within a reasonable time. Cf. Forsyth v. City of Oswego, 191 N.Y. 441, 442, 84 N.E. 392; see Murray v. Cunard S. S. Co., supra, and cf. W. R. Grace & Co. v. Panama R. Co., 2 Cir., 12 F.2d 338; Cudahy Packing Co. v. Munson S. S. Line, 2 Cir., 22 F.2d 898; The Finland, D.C.E.D.N.Y., 35 F.2d 47; The Majestic, D.C.S.D.N.Y., 30 F.2d 822. The obvious purpose of the contractual limitation is to permit defendants engaged in a temporary and far distant project the opportunity of reasonably prompt investigation of any claims made, at a time when it is still practicable to do so. While such an opportunity must be balanced against the reasonable opportunity of the plaintiff, similarly located far from home in a strange place, to make his claim, nevertheless, in any circumstances, a year and a half delay in presenting a claim must incline the scale in the defendants' favor.

Accordingly, the defendants' motion will be granted.