Esther A. **BORN** and Alfred **Born,**
Plaintiffs,

v.

**NORWEGIAN AMERICA LINE, INC.,**
Defendant.

United States District Court
S. D. New York.
May 20, 1959.

Sargent & Sand, New York City, Edward E. Kaufman, New York City, of counsel, for plaintiffs.

Haight, Gardner, Poor & Havens, New York City, Francis X. Byrn, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant, a Norwegian steamship line, moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the ground that the action is time barred since it was not commenced within one year after its accrual as required by a provision in a passage ticket.[1]

---

1. There is a second cause of action asserted by plaintiff's husband for loss of services arising out of her injury. If her *action is barred, however, so is his.*

See Morgan v. United States, D.C.N.J., 143 F.Supp. 580, 584–85; Gustafson v. Swedish American Line, 1940 A.M.C. 86.

The facts are not in dispute. The plaintiff was injured on December 17, 1954 on board the defendant's vessel en route from New York to Copenhagen, Denmark. The action was not commenced until October 25, 1957, almost three years later.

Plaintiff purchased her passage ticket through a travel agency at Paterson, New Jersey, and signed it upon its delivery to her.

■ The ticket constituted a contract of carriage between the plaintiff and the defendant.[2] It contains the not unusual provision that suits for "bodily injury" must be instituted within one year from the date of injury. It also provides that "all questions arising on this contract ticket shall be decided according to Norwegian law, with reference to which this contract is made". The parties are in accord that Norwegian law applies in determining whether the one-year limitation should be given effect. According to letters and affidavits submitted by their legal experts, the Norwegian statute of limitations in personal injury actions is three years.[3] Parties may not agree to extend the statutory period[4] or to waive it altogether.[5] They may contract, however, to shorten the statutory period and such contracts are enforceable.[6] Thus, both experts conclude that the one-year limitation provision in the passage contract is valid under Norwegian law.

Plaintiff, nonetheless, seeks to overcome her failure to commence an action within the stipulated time by reason of (1) an alleged estoppel or waiver, and (2) failure of the defendant specifically to direct the plaintiff's attention to the limitation provision. With respect to each contention and whether or not it is sufficient under Norwegian law to defeat the time bar, plaintiff urges there exists an issue of fact which precludes the granting of the motion for summary judgment. In short, the plaintiff argues that Norwegian law as to these matters must be proved as a fact,[7] that the defendant has failed conclusively to overcome her contentions and accordingly the matter should be litigated upon a trial.

As to "estoppel" or "waiver" (plaintiff appears to make no distinction),[8] it should be noted that the facts do not support the plea with respect to either concept as it is known to American courts. On March 2, 1955 plaintiff's attorney notified the defendant of the plaintiff's claim. The notification is the usual letter by an attorney advising a prospective defendant of a client's claim. On

---

2. Foster v. Cunard White Star, Ltd., 2 Cir., 121 F.2d 12; Murray v. The Cunard Steamship Co., Ltd., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371.

3. Act on Introduction of the Penal Code, Nr. 11 of May 22, 1902, Section 28, as cited to the Court by the parties. Even if it be argued that the statute of limitations does not begin to run until plaintiff was aware of the extent of her injuries this must have been, at the latest, sometime in March 1955 when plaintiff last visited the doctor for her arm. If the one-year limitation is valid, measuring from March 1955, her action is still not timely.

4. Except in certain instances not pertinent here.

5. Statute of Limitations on Obligations, Nr. 7 of July 27, 1896, Section 20, as cited to the Court by the parties.

6. The authority cited to the Court to support this proposition is the work of Supreme Court Justice C. Stub Holmboe, a member of the bench of the highest Court of Norway and supposedly a leading authority in this field. Mr. Ringdal quotes a portion from his book "Time Bar of Obligations" (Foreldelse av. Fordringer), Oslo 1946: "The act [of July 27, 1896] has not deemed it necessary to limit the parties' right to contractually shorten the [statutory] time limits—in this field there exists contractual freedom." Id. at 26.

7. The general rule is that foreign law is a fact which must be proved. See, e. g., Black Diamond Steamship Corp. v. Robert Stewart & Sons, Ltd., 336 U.S. 386, 397, 69 S.Ct. 622, 93 L.Ed. 754; Walton v. Arabian American Oil Co., 2 Cir., 233 F.2d 541, 543, certiorari denied 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed. 2d 77.

8. But see, e. g., Yoshida v. Liberty Mutual Ins. Co., 9 Cir., 240 F.2d 824, 829–30.

March 30th defendant's representative responded and asked for full details of the asserted claim so that the matter could be investigated. The letter concluded that the request for information is in "no way to be considered an admission of liability". It is this letter of March 30th to the plaintiff's attorney that is the basis of the plea of estoppel and the proffered justification for the failure to institute suit until October 25, 1957—almost two and one-half years thereafter.

■ The letter contains no promises, assurances, or representations of any kind which reasonably can be said to have induced the plaintiff to withhold filing of suit during the stipulated limitation period; it contains no statement, direct or indirect, that the defendant intended to waive any of its rights under the contract. On the contrary, as already noted, it contains an unequivocal denial of liability. The contention now advanced that plaintiff and her attorney "believed that the matter was being investigated by the defendant in good faith and in reliance thereof, [sic] did not file their action within one year" of the accident is incredible. That the attorney did not rely upon the letter and was not induced to withhold action is underscored by his reply within two days: "If I do not hear from you promptly, I will be obliged to institute suit." Yet two and one-half years passed before plaintiff commenced this action, during which period the defendant neither did, nor said, anything which led to the delay. Clearly these facts do not give rise to an estoppel.

In any event, plaintiff has submitted no authority to support her position that under Norwegian law an ordinary claim letter to a prospective defendant, without any action or conduct on its part other than a denial of liability, constitutes an estoppel.

■ Neither is there any basis for the plea of waiver by the defendant. The affidavit of the defendant's expert cites a Norwegian statute which provides that a:

> Debt claim or other claim which has not been acknowledged or been filed in court within such time as provided for below, ceases to exist as time barred.[9]

The clear import is that unless a debt is acknowledged, the claim is barred. A notice of claim is not an acknowledgment of a debt by a party sought to be charged. Plaintiff has submitted no authority under Norwegian law to support her view that a claim, which is promptly rejected, is tantamount to acknowledgment of a debt so as to toll the statute of limitations.

Thus, not only has plaintiff failed to establish that an issue of fact really exists under Norwegian law as to estoppel or waiver but taking the facts as stated by her and upon which she relies, she has failed to establish her plea.[10]

■ Next, plaintiff, argues that there lurks within the case another issue of fact which entitles her to a trial—to wit, whether under Norwegian law the contractual time limitation is valid if not specifically brought to the attention of the passenger. In this instance, too, the contention of the plaintiff rests upon her unsupported assertion. However, assuming arguendo that Norwegian law would not enforce the contract provision without proof that the party seeking enforcement pointed it out to the other, it would be difficult on the facts of this case to reach the conclusion that plaintiff's attention was not directed to the provisions of the contract.

Plaintiff's deposition before trial establishes that when she picked up her ticket at the travel agency through which she had purchased it, she then signed it; she had it in her possession more than a week before she sailed; she examined the ticket—in her own words, "to see what you are supposed to do about lug-

---

9. Statute of Limitations on Obligations, Nr. 7 of July 27, 1896, Section 1, as cited to the Court by the parties.

10. Cf. Siegelman v. Cunard White Star, Ltd., 2 Cir., 221 F.2d 189, 198.

gage, what you do before you sail", and to see what room number she had. She further testified that she tried to read the entire ticket, and understood some, but not all, of its provisions. Plaintiff, a naturalized citizen, concedes that she spoke English in her shopping, in her dealings with neighbors, and at her work. When asked to read a paragraph on the ticket, preceded by the words "Please Note" in large black capital letters and the picture of a hand with a pointing index finger, she read it without difficulty. The clause states:

> "This Contract Ticket is subject to the conditions on the inside covers and on Eastbound Passage Contract coupon and the attention of passengers is specifically directed thereto."

While it is true that this clause [11] does not direct the passenger's attention specifically to the limitation provision, the case [12] cited by the defendant's expert effectively disposes of the plaintiff's contention. The Norwegian Court there upheld the exception clause in a passenger steamship contract in the face of the claimant's argument that the fine print, lack of clarity and complicated nature of the provisions made them hard for passengers to understand. The Court concluded, according to the expert, that when the passengers had been requested to sign the tickets, and had in fact done so, they must have understood that the printed contract clauses were of importance and that if they chose not to study them they had only themselves to blame. Plaintiff has submitted no authority to the contrary.

The Court, therefore, concludes that under the law of Norway the one-

year limitation in plaintiff's ticket contract would be upheld.

The defendant's motion for summary judgment is granted.

Settle order on notice.

---

11. To be sure the contract contains numerous clauses in the usual fine print, typical of steamship tickets. But the validity of contracts of adhesion is not before the Court, whatever criticism may be leveled against them. Cf. Frank, J., dissenting in Siegelman v. Cunard White Star, Ltd., 2 Cir., 221 F.2d 189, 199.

12. Charles Ferran and Emile Merle v. Skips A/S Pacific by Knut Knutsen O.A.S. published in Nordiske Domme i. Sjøfartsanliggender, 1957, pp. 248–67, as cited to the Court by the parties. The case, according to Mr. Ringdal's affidavit, was affirmed by the Court of Appeals and by the Supreme Court in a decision handed down September 20, 1957. The Supreme Court, however, disposed of the case on other grounds.