Benjamin Brenner, J.
Defendant moves for summary judgment in an action for personal injuries sustained by plaintiff aboard ship. The motion is predicated on plaintiff’s failure to file her claim and commence her action within the time limitations specified in an alleged contract between the parties.
*812 One of the defenses interposed alleges, in substance, that plaintiff was a passenger solely by reason of a contract which, in part, provides that defendant shall not be liable for any claim for bodily injuries, unless written notice thereof was submitted to defendant within six months of the date of injury and that a lawsuit thereon may not be maintained unless instituted within one year from the date of injury. It is undisputed that plaintiff’s injuries were sustained on the 15th day of March, 1959; that no notice thereof was given to the defendant and that no action therefor was commenced by her until May 23,1960.
Plaintiff argues that she did not receive a copy of any contract with such claim and suit limitations and that she only received a “passenger cruise document”; that such document contained no restrictions, obligations or limitations on her part. She therefore maintains that she may not be bound by any claim or suit limitations of which she had no knowledge or notice. Apparently the time limitations claimed by defendant are set out in the Vessel Owners Liability Law (U. S. Code, tit. 46, § 183b) but that act merely mandates certain minimal limitations of time when specified and so it is not pertinent upon this motion.
It is well established that a steamship passenger ticket constitutes a contract of carriage and any time limitation contained therein is both valid and binding. (Murray v. Cunard S. S. Co., 235 N. Y. 162; Furr v. Societa Ital. Transp. Mar., Genoa, Italy, 162 F. Supp. 645; Mangrelli v. Italian Line, 208 Misc. 685; Horvath v. Cunard S. S. Co., 103 F. Supp. 356.) So where receipt of such a ticket is not in dispute and an injured passenger tardily commences suit, despite its terms, no triable issue remains. But where, as here, plaintiff disputes her receipt of such a ticket she thereby places at issue the fact of its receipt which requires denial of a motion for summary judgment based thereon.
On motions for summary judgment the courts simply inquire whether clear, well defined and genuine issues are presented. If there is doubt about their existence or even if their existence is arguable, the motion must be denied. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404; Di Menna & Sons v. City of New York, 301 N. Y. 118.) As was aptly stated by an appellate court: “ ‘ issue finding, rather than issue determination, is the key to the procedure ’ (Estave v. Avad, 271 App. Div. 725, 727).”
Such an issue having been established, the motion is denied.