CONSOLIDATED LAUNDRIES CORP., Respondent, *v.* REGIS OPERATORS, INC., Appellant.

Third Department, November 21, 1966.

*Appelbaum & Eisenberg* (*Bertram W. Eisenberg* of counsel), for appellant.

*Martin Rosen* and *William Steingesser* for respondent.

HERLIHY, J. This is an appeal from an order which granted summary judgment to the plaintiff and from a subsequent order denying reconsideration of the first order.

The denial of the motion for reconsideration was discretionary with the court and we find no grounds for intervention and that order is affirmed.

It appears that the plaintiff was a supplier of linens, sheets and towels to the resort hotel owned by the defendant and that certain of these items were delivered to the hotel on May 15, 1963, and the damages demanded in the complaint are for the loss of these items as the result of a fire at the hotel. At the time of delivery a document having stamped on its face the words in large type " Contract " and " Agree As Follows " was signed by an agent of the defendant. This document contained the following clause: " The customer shall be responsible for all articles lost or damaged (ordinary wear and tear excepted) and shall reimburse the Company therefor in an amount equal to the market value thereof when new, less 20% ".

The defendant upon this appeal makes two contentions, one of which is that the document was a receipt rather than a contract. There are a number of cases, involving baggage and package checks which purported to limit the bailee's liability, which hold that there is no contract if, from the circumstances of the transaction, the bailor had the right to regard the paper simply as a voucher to enable him to follow and identify his property. (See *Blossom* v. *Dodd,* 43 N. Y. 264; *Madan* v. *Sherard,* 73 N. Y. 329; *Healy* v. *New York Cent. & Hudson*

*Riv. R. R. Co.,* 153 App. Div. 516, affd. 210 N. Y. 646; *Klar* v. *H. & M. Parcel Room,* 270 App. Div. 538, affd. 296 N. Y. 1044.) However, in these cases the factual question was the effect of a document given by the bailee to the bailor which purported to limit the liability of the bailee rather than one given by a bailor to a bailee as in the instant case. The question of receipt was in issue quite obviously because the bailor might have assumed that the document was for the mere purpose of tracing his bailed goods.

In the present case the document is on its face a contractual agreement and the defendant in its affidavit opposing the motion for summary judgment creates no issue of fact as to the document being a contract.

The other contention of the defendant is that a triable issue of fact exists as to whether the language of the contract clause in question enlarged its common-law liability to that of an insurer. The affidavit of the defendant in opposition to summary judgment sets forth no facts in this regard, but argues that as a matter of law the language would not make it an insurer.

The general rule of liability in a bailment for the mutual benefit of both parties is that the bailee is only responsible for a loss occasioned by its negligence, absent an express agreement to the contrary. (See *Stewart* v. *Stone,* 127 N. Y. 500; *Castorina* v. *Rosen,* 290 N. Y. 445; *Aronette Mfg. Co.* v. *Capitol Piece Dye Works,* 6 N Y 2d 465; 5 N. Y. Jur., Bailment, § 65.)

The defendant cites cases not binding on this court in which it was held that the language '' full responsibility '' or '' responsible for all articles lost or damaged '' was insufficient to create absolute liability as a matter of law.

The present facts are analogous to those in *Murray* v. *Cunard S. S. Co.* (235 N. Y. 162). In that case the plaintiff purchased a ticket, some days before he was to sail on one of the defendant's vessels, and there were imprinted on the said ticket the words in large type '' cabin passage contract ticket '' and a further notation '' The attention of passengers is specially directed to the terms and conditions of this contract.'' The terms thereof, *inter alia,* were that in the event of injury to a passenger, written notice of the claim should be delivered to the company within 40 days after debarkation and that any action be commenced within one year from the termination of the voyage. That the plaintiff was injured is not in dispute but he failed to give the required written notice within the prescribed time. The court held that the ticket in this form was more than a mere token or voucher; that it was a contract creating obligations and defining the terms of carriage. The fact that plaintiff suffered serious injuries and

that he did not read the wording on the face of the ticket were held not sufficient defenses to avoid the time limitation. What was further stated therein is applicable to the present facts. The conditions of the present agreement are "wrought into the tissue, the two inseparably integrated". (*Murray* v. *Cunard S. S. Co.*, 235 N. Y. 162, 166; see *Reichman* v. *Compagnie Generale Transatlantique*, 290 N. Y. 344, 351.) To look at the agreement is to know that it is more than a mere receipt as defendant contends.

For the reasons stated herein, the contention of the defendant that the agreement is merely a receipt cannot prevail. The law in this State is not completely settled but the evidence in this record clearly shows that the agreement, in its form and contents, was a contract, not a receipt.

In the present case the language employed not only states that the "customer shall be responsible for all articles lost or damaged", but also that it would "reimburse the Company" [plaintiff]. The language is sufficiently clear and unambiguous and leaves no doubt as to its meaning and intent, and summary judgment was properly granted. (See *Powell* v. *Oman Constr. Co.*, 25 A D 2d 566, 567.)

The orders should be affirmed.

GIBSON, P. J., REYNOLDS and STALEY, JR., JJ., concur; TAYLOR, J., not voting.

Orders affirmed, with costs.