**Otto L. JOHNSON, Plaintiff,**

v.

**SWEDISH TRANSATLANTIC LINES (REDERIAKTIEBOLAGET TRANSATLANTIC), et al., Defendants.**

No. 69 Civ. 1369.

United States District Court,
S. D. New York,
Civil Division.

Jan. 7, 1974.

Paul C. Matthews, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City by Francis X. Byrn, New York City, of counsel, for defendants.

OPINION

WHITMAN KNAPP, District Judge.

Defendant moves for summary judgment on the ground that plaintiff's action to recover for injuries suffered while a passenger aboard defendant's ship is time-barred under Clause 22 of the standard-form contract signed by plaintiff when he paid for his ticket. Plaintiff concedes that the action was not brought within one year from the accident, as required by the contractual provision, but asserts that the clause is unenforceable.

Both parties agree that Swedish law governs the validity of the contract, and thus that under Rule 44.1 the issue is one for the Court. Each side has submitted affidavits from experts on Swedish law.

We start with the observation that in cases such as this there is sympathy for the plaintiff's plight simply because to deny him or her recovery on the basis of what is popularly considered a "technicality" seems at first blush difficult to reconcile with basic notions of fairness. See e. g. McCaffrey v. Cunard Steamship Co. (S.D.N.Y.1955) 139 F.Supp. 472. However, given that in Sweden (and the United States) standard-form contracts are in general upheld, the Court sees no way of denying effect to the clause here relied upon by defendant.

■ In the first place, it cannot reasonably be concluded after studying the exhibits and both Swedish and American law on the subject, that defendant's conduct after plaintiff's accident amounted to either a waiver of the one-year requirement or was in any sense misleading or deceitful so as to result in an estoppel. The most that can be said is that defendant did not remind plaintiff through his attorney of the one-year deadline, and clearly the law imposes upon him no obligation to do so.

As to the validity of the one-year provision in the contract, the experts' affidavits cannot reasonably be interpreted as demonstrating that Swedish law imposed upon defendant any requirement to call that particular provision to plaintiff's attention at the time the contract was signed. Cf. Born v. Norwegian American Line, Inc. (S.D.N.Y. 1959, Judge Weinfeld) 173 F.Supp. 33. Assuming the truth of plaintiff's version of the circumstances surrounding his signing, he is nonetheless charged—in the absence of fraud, dishonesty, or mistake—with the responsibility of knowing what he signed.

Summary judgment is granted to defendant, and the complaint dismissed.